### FRAHM v. SIEGEL-COOPER CO. (two cases).

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

1. TRIAL (§ 127*)—ARGUMENTS AND CONDUCT OF COUNSEL—REFERENCE TO PROTECTION OF DEFENDANT BY INSURANCE OR OTHER INDEMNITY.

Where, in an action for injuries while riding in defendant's passenger elevator, there was no evidence connecting a casualty company with the action in any way whatever, it was error requiring a reversal for plaintiff's counsel to ask defendant's superintendent how soon he communicated with the company regarding the accident, and, after an objection to the question was sustained, to ask an elevator expert testifying for defendant, and who stated that he had been retained by the latter, whether the casualty company had already employed him.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 275; Dec. Dig. § 127.*]

2. CARRIERS (§ 280*)—PASSENGER ELEVATORS—OPERATION—CARE REQUIRED.

It is the duty of the owner and operator of a passenger elevator to exercise the ordinary care that a reasonable person would exercise for the protection of passengers.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1092; Dec. Dig. § 280.*]

3. CARRIERS (§ 321*)—PERSONAL INJURIES—ACTIONS—INSTRUCTIONS—RES IPSA LOQUITUR.

Where, in an action for injuries to plaintiff through being struck on the head while riding in defendant's passenger elevator by a piece of mortar which fell down the shaft, there was evidence that mortar had been allowed to protrude into the shaft, so as to be liable to be broken off by constant vibration, and defendant undertook to show that the condition of the mortar was not necessarily dangerous, and that it had exercised all reasonable care to inspect and guard against such accidents, the court should have instructed that the verdict must be for defendant, in the absence of evidence that it knew, or in the exercise of reasonable care should have known, that the mortar was in such condition that a reasonably prudent person would believe that it might fall; and an instruction which, after giving in general terms the rule of "res ipsa loquitur," stated negligence might be found from the mere happening of the accident, unexplained, stated the case too broadly.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1334; Dec. Dig. § 321.*]

Appeal from Trial Term, New York County.

Actions by Ethel Frahm and by Stephen Frahm against the Siegel-Cooper Company. From judgments for plaintiffs, and from orders denying defendant's motions for new trial, it appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

---

.*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Theodore H. Lord, for appellant.
Gilbert D. Lamb, for respondents.

SCOTT, J.   In these two actions, which were tried together and are brought up on the same record, Ethel Frahm has recovered a judgment for personal injuries suffered by her, and her husband, Stephen Frahm, has also recovered a judgment for expenses incurred by him by reason of his wife's injuries and for the loss of her services.   The defendant is the proprietor of a large department store.   On November 13, 1906, Ethel Frahm, a customer, entered an elevator car to descend from one floor to another.   There were a number of other persons in the car.   After the car had come to a standstill at the main or ground floor, and all the other passengers had left, a piece of mortar fell from somewhere above the car and struck Mrs. Frahm on the head.   The top of the car was covered with a netting having a two-inch mesh, so that the piece of mortar cannot have been very large, and the physical injury resulting therefrom does not seem to have been serious; but the chief damage for which a recovery has been had appears to have been a mental or nervous shock—what is designated by the physicians as traumatic neurosis—which seemingly has kept Mrs. Frahm in a seriously impaired condition of health.

The record presents a very flagrant instance of a practice on the part of plaintiff's counsel at the trial, which is unhappily becoming too common in accident cases, and which has frequently been characterized by this court and the Court of Appeals as reprehensible.   One of defendant's employés, an assistant superintendent, had been called by defendant and examined as to the condition of the elevator shaft on the day of the accident.   Upon cross-examination plaintiff's counsel put to him this question:

"How soon did you communicate with your attorneys in regard to the accident, or with the Casualty Company of America?"

The question was objected to, and the objection sustained.   Defendant's counsel asked for the withdrawal of a juror, which was denied, and an exception taken.   Later an expert on elevator construction was called as a witness for defendant.   He said that he frequently testified in such cases, sometimes for plaintiff and sometimes for defendant, and that in these particular cases the plaintiffs had sought to employ him, but that he had then already been retained by defendant.   The plaintiff's counsel thereupon asked:

"As a matter of fact, had the Casualty Company of America already employed you?"

This question was objected to and excluded, and again defendant's counsel asked that a juror be withdrawn upon the ground that the insinuation implied in the question was calculated to prejudice the defendant.   This motion was denied, and exception taken.

There was not a particle of evidence in the case to connect the Casualty Company with the action in any way whatever.   No ground suggests itself to us, and no plausible ground is suggested by plaintiff, upon which these questions can be justified.   Obviously their only

purpose was to suggest to the jury that the defendant was protected in some way by insurance. Of course, it was wholly immaterial whether it was or not, and this the experienced counsel for plaintiff must have known well. If he did not, the exclusion of the first question above quoted was a sufficient indication of the impropriety of reference to the Casualty Company, and the reiteration of the reference in the latter question indicated a deliberate intention to press an unfair advantage.

In Cosselmon v. Dunfee, 172 N. Y. 507, 65 N. E. 494, counsel for the plaintiff asked a witness for defendants whether the latter carried insurance for their employés. The question was objected to, and, of course, excluded. The court took occasion to say:

"The inquiry into the matter of insurance is not material, and the practice of asking a question that counsel must be assumed to know cannot be answered is highly reprehensible, and when the trial court or the Appellate Division is satisfied that the verdict of the jury has been influenced thereby it should, for that reason, set aside the verdict."

In Loughlin v. Brassil, 187 N. Y. 128, 79 N. E. 854, the plaintiffs' counsel in his summing up persisted in referring to the subject of insurance, although admonished by the court that such reference was improper. The Court of Appeals said:

"Under such circumstances the trial court would have been amply justified in correcting much more vigorously than it did the imprudence of counsel, and either the trial court or the Appellate Division would have been quite justified in reversing the judgment."

In Hodern v. Salvation Army, 124 App. Div. 674, 109 N. Y. Supp. 131, counsel for the plaintiff asked a question upon cross-examination which was excluded upon objection, but which of itself was calculated to suggest to the jury that the defendant was protected by insurance. We took the opportunity then to again point out the impropriety of the course pursued by counsel, and said:

"Counsel have been so often admonished that such practice will not be tolerated that, where it appears from the record that the rule has been violated, we think there should follow as a penalty a reversal of the judgment and the direction of a new trial."

The present is an appropriate and proper case for the application of the rulings thus made. The references to the Casualty Company were highly improper, and, as is shown by the repetition thereof, were deliberate, and not the result of ignorance or inadvertence, and we cannot say, in the light of the evidence, that the verdicts may not have been induced thereby. Upon this ground alone, therefore, the judgments must be reversed.

Since this disposition of the appeal will require a new trial of the actions, it may, however, be well to refer to the theory upon which the causes were submitted to the jury under the charge of the learned court. At the outset of the charge the court referred to the rule of "res ipsa loquitur." After stating the rule in general terms, the court proceeded to say:

"Applied to this case, it would be in substance that you might find from the happening of the accident, unexplained— When I speak of accident, I

mean the blow upon plaintiff's head through mortar falling upon it from above when she was in the car. You might find, from the happening of that, that the defendant was negligent."

This, we think, was stating the case too broadly. In the very recent case of Robinson v. Consolidated Gas Co., 194 N. Y. 37, 86 N. E. 805, the Court of Appeals had before it a similar instruction in a case wherein the accident consisted of the breaking of a scaffold, and reiterated what had already been said in Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630, that:

"The res of the maxim, which is sometimes misused, is not simply an accident resulting in injury, but the accident and the surrounding circumstances necessarily shown by proving how the accident occurred, or, in other words, the occurrence as it appears by proof of the accident."

In the present case it was not the mere fact that a piece of mortar fell which established negligence prima facie, for that might have happened without negligence, but the fact that, for part of the way up the elevator shaft, mortar had been allowed to protrude into the shaft in such a manner as to be liable to be broken off, or shaken off by constant vibration. These circumstances, together with the fact of the accident, constituted the res, and as such were to be proven by the plaintiffs. The defendant undertook to show that the condition of the mortar on the inside of the shaft was not necessarily dangerous, and that it had exercised all reasonable care to inspect and to guard against such an accident as happened to Mrs. Frahm. The accident and the attendant circumstances being proven, the duty of explanation was thrown upon the defendant. Its duty was to exercise the ordinary care that a reasonable person should have exercised for the protection of persons riding in the elevator (Griffen v. Manice, 74 App. Div. 372, 77 N. Y. Supp. 626), and this burden it undertook to carry by showing what precautions it had taken by way of regular inspection and the like. In view of all the evidence, we think that the defendant was entitled to have the jury charged, as it requested, that:

"In the absence of evidence that establishes that the defendant knew, or in the exercise of reasonable care should have known, that the mortar on the sides of the elevator shaft was in such condition that a reasonably prudent person would believe that it might fall, the verdict must be for the defendant."

The judgments and orders appealed from are reversed, with costs to the appellant to abide the event. All concur.