## DONNELLY v. YOUNGLOVE LUMBER CO.

(Supreme Court, Appellate Division, Third Department.   November 16, 1910.)

1. EVIDENCE (§ 242*)—ADMISSIONS—AGENTS.

Admissions of an agent or an officer are not admissible, except when made as part of the res gestæ or in the performance of his duties and within the scope of his authority.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 893; Dec. Dig. § 242.*]

2. EVIDENCE (§ 243*)—ADMISSIONS—AGENT—DECLARATIONS AFTER THE EVENT.

The knowledge of an officer or agent after the transaction being immaterial, his declarations as to those matters are immaterial, and are inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 910; Dec. Dig. § 243.*]

3. MASTER AND SERVANT (§ 267*)—INJURY TO SERVANT—ACTIONS—EVIDENCE —INSURANCE.

In a servant's action for personal injuries, the plaintiff cannot show that the master is insured against loss in case of a recovery against him for negligence.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 267.*]

Appeal from Trial Term, Fulton County.

Action by John W. Donnelly against the Younglove Lumber Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued before SMITH, P. J., and KELLOGG, COCHRANE. SEWELL, and HOUGHTON, JJ.

Warnick J. Kernan, for appellant.
F. E. Moyer, for respondent.

SEWELL, J. The plaintiff, while working upon a planer, was injured by his fingers coming in contact with its knives, and this action was brought to recover for the injury; the plaintiff claiming that it was caused by the negligence of the defendant, a corporation organized under the laws of this state. A careful study of the ev-

---

idence seems to lead to the conclusion that the proof was insufficient to justify the jury in finding that the defendant was negligent, or that the plaintiff was free from contributory negligence.

It is, however, not needful to determine these questions; for it is clear that the court erred in receiving the statements or admissions made by Snyder, the defendant's general manager, not authorized by the defendant, or made in the performance of his duty. It is well settled that the admissions of an agent or officer are not admissible, except when made as part of the res gestæ or in the performance of his duties as agent or officer. First Nat. Bank of Lyons v. Ocean Nat. Bank, 60 N. Y. 278, 19 Am. Rep. 181; Nat. Bank of Rondout v. Byrnes, 84 App. Div. 100, 82 N. Y. Supp. 497. It is an old doctrine, from which there has never been a departure. M. Life Ins. Co. v. 42d St. & Grand St. Ferry R. R. Co., 139 N. Y. 146, 34 N. E. 776. It was not admissible, as claimed by the respondent, to show knowledge of the superintendent. The knowledge of an officer or agent after the transaction is of no materiality whatever, and his declaration then made of his previous knowledge is as purely hearsay as a declaration of any previous act. Fox v. Village of Manchester, 183 N. Y. 141, 75 N. E. 116, 2 L. R. A. (N. S.) 474.

Another error is alleged upon this appeal, which of itself requires reversal of the jury. The plaintiff was permitted to state that some time after the accident he asked Snyder if he was insured, and if he had the men insured, and "he said, 'No, sir; we are insured.'" The defendant's counsel thereupon moved to strike out the conversation, and it was stricken out. The defendant's counsel then asked to withdraw a juror and have the case declared a mistrial. The application was denied by the court, with the remark to the jury:

"It seems to me, and probably does to you, a little foolish; but we are governed by the rules of the higher court, and counsel for the defendant has a right to insist upon our keeping within such rules, but you must disregard whatever the witness said. I strike it from the record, and you should not take any notice of it."

Later in the trial evidence of the same character and more objectionable was admitted. Dr. Hogan, a witness on behalf of the plaintiff, was permitted to state that a short time after the accident he asked the general manager—

"about the bill, and stated that the agent of the insurance company assured me that I would be paid for my services. He said: 'Well, I had better write them.' He did not feel like doing anything about it."

The defendant's counsel moved to strike out the conversation, and again requested that a juror be withdrawn and the trial declared a mistrial. The application was denied, and the defendant's counsel excepted. There can be no question but that this conversation was offered for the purpose of informing the jury that the defendant was indemnified. The law is well settled that it is improper to show, in an action for negligence, that the defendant is insured against loss in case of recovery against it on account of negligence. Wildrick v. Moore, 66 Hun, 630, 22 N. Y. Supp. 1119; Manigold v. Black River Traction Co., 81 App Div. 381, 80 N. Y. Supp. 861; Cosselmon v.

Dunfee, 172 N. Y. 507, 65 N. E. 494; Loughlin v. Brassil, 187 N. Y. 128, 79 N. E. 854.

We are satisfied that the verdict of the jury was influenced by this evidence, and it should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.