PAUL F. AKIN, an Infant, by FRANK T. AKIN, His Guardian ad Litem, Respondent, *v.* WILLIAM A. LEE, Appellant.

**Motor vehicles — negligence — evidence — action for injuries resulting from being struck by an automobile.**

Evidence that a defendant, in an action for negligence, is insured in a casualty company is incompetent; and it is reversible error in an action to recover for injuries to a plaintiff, who was run into by an automobile, to admit testimony that the defendant stated, in a conversation after the accident, that he was insured against such accidents.

*Akin* v. *Lee*, 145 App. Div. 950, reversed.

(Argued May 6, 1912; decided June 11, 1912.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial

department, entered June 30, 1911, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank R. Keeshan* for appellant. Reversible error was committed by the trial court in allowing the introduction of evidence that the defendant was insured against accident, and also in refusing to strike out such evidence. (*Simpson* v. *Foundation Co.*, 201 N. Y. 479; *Hoyt* v. *J. E. Davis Mfg. Co.*, 112 App. Div. 755; *Hordern* v. *Salvation Army*, 124 App. Div. 674; *Manigold* v. *B. R. T. Co.*, 81 App. Div. 381; *Frahm* v. *Siegel-Cooper Co.*, 131 App. Div. 747; *Cosselmon* v. *Dunfee*, 172 N. Y. 507; *Loughlin* v. *Brassil*, 187 N. Y. 128; *Maher* v. *E. L. Ins. Co.*, 110 App. Div. 723; *Stephens* v. *Vroman*, 16 N. Y. 381; *Wyllie* v. *Palmer*, 137 N. Y. 248.)

*John T. Norton* and *John J. Cain* for respondent. The single claim of error, asserted in the appellant's brief, ignores the purpose and application of the proof, the retention of which in the record is made the basis of complaint. The testimony, now said to have been immaterial and prejudicial, was relevant, material and substantially important upon a vital issue, and one of the main issues raised by the defendant by his answer, viz., the issue of fact made by the defendant upon the plaintiff's allegation that the defendant was the owner of the automobile which ran down and injured the plaintiff. (Abbott's Tr. Ev. [2d ed.] 735; *Cook* v. *Barr*, 44 N. Y. 156; *Eisenlord* v. *Clum*, 126 N. Y. 559; *Seaman* v. *Koehler*, 122 N. Y. 646; *Norris* v. *Kohler*, 44 N. Y. 42; *Diel* v. *Zeltner B. Co.*, 30 App. Div. 291.)

GRAY, J. The plaintiff, a lad of twelve years of age, was run into and injured by the defendant's automobile and this action for damages is upon the ground that the

automobile was being carelessly operated by the defendant's chauffeur. The plaintiff had a verdict and the judgment entered thereon has been affirmed at the Appellate Division by a unanimous vote. Leave was given to the defendant to appeal to this court and the error assigned by the appellant, and which survives the unanimous affirmance, is in the denial by the trial court of the defendant's motions to strike out statements to the effect that the defendant was insured. The father of the plaintiff, being examined as a witness in plaintiff's behalf, was asked to state a conversation that took place between him and the defendant. The witness told of the interview and, among other things, stated that the defendant had said that it was his car; that his chauffeur had told him about the accident and that he was insured. Upon his making this last statement, the defendant's counsel asked the court to strike it out as improper. The court ruled that the witness was entitled to state the conversation between him and the defendant, and an exception was taken. At another time, when the defendant was a witness in his own behalf, upon his cross-examination by the plaintiff's counsel, he was asked about his conversation with the plaintiff's family and this question was asked of him: "You told Mr. Akin that you were insured against such accidents, didn't you?" The witness answered: "Why, I did after I tried to straighten the case myself with them; after she said they were going to the full extent of the law ——." At this point the defendant's counsel interrupted the witness by an objection and asked "to have the answer stricken out, until I get in the objection on the ground that it is incompetent, improper and immaterial." The court, again, ruled that, if it was part of the conversation, the witness might answer and an exception was taken.

If we might admit a doubt as to the first ruling, the error in the second is too serious to be disregarded. We have, but recently, held, following a rule already laid

down by us, that evidence that the defendant, in an action for negligence, is insured in a casualty company is incompetent and its admission justifies an order for a new trial of the action. (See *Simpson* v. *Foundation Co.*, 201 N. Y. 479, 490.) Such evidence, almost always, is quite unnecessary to the plaintiff's case and its effect cannot but be highly dangerous to the defendant's; for it conveys the insidious suggestion to the jurors that the amount of their verdict for the plaintiff is immaterial to the defendant. It was a highly improper attempt on the plaintiff's part to inject a foreign element of fact into his case, which might affect the jurors' minds, if in doubt upon the merits, by the consideration that the judgment would be paid by an insurance company. While, frequently, in the exercise of the authority conferred upon this court, we disregard technical errors, when we see that they do not affect the merits of the controversy, the error committed in this case is of too grave a nature to be put aside as merely technical. In repeated instances, judgments have been reversed for its commission and counsel must take notice that we shall adhere to our rule and that we shall order a new trial in all cases, where, in such actions, a verdict may have been influenced by the consideration of such unauthorized evidence.

The argument that the evidence was competent upon the question of the ownership of the automobile is without weight. While it is true that the allegation in the complaint of the defendant's ownership of the automobile may have been put in issue by the form of the answer, at the trial, it was proved and the defendant did not deny it. The application to the secretary of state for registration of the automobile showed the defendant to be its owner. The plaintiff's witness, when testifying to the conversation with the defendant, stated that the latter admitted his ownership of the car. No question was raised as to its ownership on the defendant's motion to dismiss the complaint. The chauffeur, when examined

as a witness, testified that, at the time of the occurrence, he was operating the defendant's car and the defendant, upon his own examination, had raised no such question.

We think that the judgment should be reversed and that a new trial of the action should be had; with costs to abide the event.

CULLEN, Ch. J., HAIGHT, VANN and WERNER, JJ.. concur; WILLARD BARTLETT, J., dissents; CHASE, J., dissents, on the ground that upon all the facts shown by the record in this case the rulings of the court mentioned do not require a reversal of the judgment.

Judgment reversed, etc.