(78 Misc. Rep. 419.)

## TINCKNELL v. KETCHMAN.

(Supreme Court, Trial Term, Cayuga County. December, 1912.)

NEW TRIAL (§ 35*)—GROUNDS—REFERENCE TO INSURANCE—CROSS-EXAMINATION.
In an action for injuries from a collision with defendant's automobile, where defendant was asked on cross-examination whether he had not told counsel he would have to refer to his insurance company, the purpose being not to show insurance protection, but that, when defendant was charged with causing plaintiff's injuries, he failed to deny the charge, a verdict for plaintiff must be set aside, though the answer was stricken out and the objection to the question sustained.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 51–55; Dec. Dig. § 35.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by May Tincknell against Herman B. Ketchman for damages sustained in a collision with an automobile. Verdict for plaintiff, and defendant moves for a new trial. Granted.

Amasa J. Parker, of New York City, for plaintiff.

H. D. Bailey, of Syracuse, for defendant.

SAWYER, J. This action was to recover damages sustained in a collision with an automobile claimed to have been owned and operated by defendant. The defendant denies having been concerned in the accident, alleges that he was not present at its occurrence, and, if it happened at all, that the automobile in question was owned and operated by some one other than himself. This constituted the only issue aside from that of the extent of plaintiff's injuries.

Upon the trial on the cross-examination of defendant (referring to a certain conversation had between them) the record shows the following:

"Mr. Parker: Q. Didn't you tell me that you would have to refer me to your insurance company?

"Mr. Bailey: I object and ask to have that stricken out as incompetent. [Received. Exception.] A. Yes, sir.

"Mr. Parker: I don't show he was insured. I want to show what he said when he was notified in regard to the accident.

"Mr. Bailey: I except to what counsel said.

"The Court: I think I will not let you ask that question. The objection is sustained, and it may go out and the jury will disregard it.

"Mr. Parker: Exception."

The jury rendered a verdict in favor of plaintiff which defendant now moves to set aside upon the ground that the fact that defendant was insured against any judgment which might be obtained against him was brought to the attention of the jury.

. The general rule that it is improper to bring such information to the knowledge of the jury is too well settled to admit of discussion. Akin v. Lee, 206 N. Y. 20, 99 N. E. 85; Cosselmon v. Dunfee, 172 N. Y. 507, 65 N. E. 494; Loughlin v. Brassil, 187 N. Y. 128, 79 N. E. 854; Hordern v. Salvation Army, 124 App. Div. 674, 109 N. Y. Supp. 131; Haigh v. Edelmeyer & Morgan Hod E. Co., 123 App. Div. 376, 107 N. Y. Supp. 936; Manigold v. Black River T. Co., 81 App. Div. 381, 80 N. Y. Supp. 861.

It is, however, urged by plaintiff that evidence otherwise competent cannot be excluded because it incidentally infringes upon that rule. In the case at bar the question was asked, not for the purpose of showing insurance protection, but to establish that, when defendant was charged with causing plaintiff's injuries, he failed to deny that charge, thereby tacitly admitting his connection with the accident. It was upon this theory that the question was at first permitted to be answered, but upon reflection the ruling was reversed and the objection sustained. Of the correctness of this latter ruling I am convinced, but there remains the inquiry whether the propounding of the question itself by plaintiff's counsel requires the setting aside of the verdict. As to this, the remark of Mr. Justice McLennan in Manigold v. Black River T. Co., supra, that "it is not proper to inform the jury of such fact in any manner" seems to be in point and conclusive.

The question of fact as to whether or not defendant caused the accident under consideration was exceedingly close, and it is impossible to say that the statement that defendant understood he had an insurance behind him embodied in the question did not influence the jury in rendering the verdict which it did. While it is true that the answer was stricken out and the objection to the question sustained,. the prohibited matter was by the question brought squarely before the jury and might have had considerable weight in their determination. But for its involving this question of insurance, defendant's failure to deny the charge laid against him would have been competent. It was not, however, conclusive, being simply one of many facts. which the jury might consider. It would seem that, where two rules so conflict and offered testimony necessarily involves matter which is specifically prohibited, its otherwise competency must give way. The positive harm flowing to defendant therefrom overbalances the probative advantage to plaintiff of an admission based solely upon failure to deny.

The verdict is therefore set aside, and new trial ordered. Same being upon a question of law only, no costs are allowed.

Ordered accordingly.