### PERLMAN v. I. BLYN & SONS.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

TRIAL (§ 127*)—CONDUCT OF COUNSEL—APPEAL TO PREJUDICE.

A question by counsel for plaintiff to a witness, as to whether he was connected with the insurance company that was in the case, was reversible error, on the ground that it sought to prejudice the rights of the defendant to a fair and impartial trial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 275; Dec. Dig. § 127.*]

Appeal from Trial Term, New York County.

Action by David A. Perlman, an infant, etc., against I. Blyn & Sons. From a judgment entered on verdict, and from an order denying motion for new trial, defendants appeal. Judgment and order reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Edward J. Redington, of New York City, for appellants.
Reuben M. Cohen, of New York City, for respondent.

PER CURIAM. The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event, on the ground that the counsel for the plaintiff asked a witness on the stand:

"Are you connected with this insurance company that is in this case?"

That question having been asked, counsel for the defendant moved to withdraw a juror, and to have a mistrial declared, on the ground that it was sought to prejudice the rights of the defendant to a fair and impartial trial. See Akin v. Lee, 206 N. Y. 20, 99 N. E. 85.