REMMEL, Appellant, vs. CZAJA, Respondent.

*March 13—April 8, 1924.*

*Trial: Personal injury actions: Examination of witnesses: Reference to insurance carrier: Leading questions: Admissions of agent after event: Harmless error.*

1. Questions put to witnesses by plaintiff's counsel as to there being an insurance company, not a party to the action, liable over for payment of damages recovered from defendant, are improper, but are *held* not reversible error where defendant's counsel made no objections at the time nor any request for instructions and a later objection to a. similar question to another witness was promptly sustained.   p. 504.
2. Leading and suggestive questions by plaintiff's counsel are *held* not reversible error where proper .objections were not interposed and defendant's counsel also asked leading questions, and whenever objections to such questions were made they were promptly sustained.   p. 505.
3. In an action for·injuries sustained by a motorcyclist in a collision with a truck, the admission of testimony of the plaintiff as to statements tending to show admissions of liability by defendant's driver in the afternoon following the morning of the accident is not reversible error,·where no proper objections were made, and other evidence sufficient to support the jury's finding as to the driver's negligence was properly received.   p. 505.
4. Where the entire record disclosed a situation warranting ultimate judgment in plaintiff's favor, errors such as are involved in the preceding paragraphs are not sufficient to warrant a new trial.   p. 505.

APPEAL from an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Reversed.*

Plaintiff had judgment in the civil court of Milwaukee county upon a jury verdict that a driver of defendant's truck was negligent, thereby causing a collision with a motorcycle on which plaintiff was riding, and to his damage $1,400.   Defendant challenged such verdict in the civil court, notwithstanding which the verdict was sustained and judgment directed for plaintiff for such amount.. Defendant appealed to the circuit court, where the judgment was re-

versed and a new trial in the circuit court ordered, and from such order plaintiff has appealed.

*Michael Levin* of Milwaukee, for the appellant.

For the respondent there was a brief by *Anderson, Donovan & Steinle* and *Erwin F. Nell,* all of Milwaukee, and oral argument by *Mr. Nell.*

ESCHWEILER, J.    Upon a review of the record from the civil court, the circuit judge, by written decision, expressed the opinion that substantial justice had not been done in the case, and as grounds for such conclusion and as the prejudicial errors causing such result mentioned the following:

1. References by plaintiff's counsel to an insurance company.

2. The admission in evidence of statements made by the driver of defendant's truck some time after the accident.

3. Remarks by plaintiff's counsel as to alleged misconduct of defendant's driver in talking during an intermission with certain of the jury trying said cause.

4. That leading questions, many of them containing conclusions, were permitted to be asked during the trial.

Plaintiff's counsel unnecessarily, improperly, and repeatedly, by his questions to defendant's driver and another witness, referred to there being some insurance company, not a party to this action, liable over for the payment of any damages that the plaintiff might recover against the defendant here. This had no proper place in the trial of this action, and such practice has been condemned. *Smith v. Yellow Cab Co.* 173 Wis. 33, 180 N. W. 125. Defendant's counsel, however, did not interpose objections to that line of questions by plaintiff's counsel to defendant's driver nor call the court's attention thereto at the time nor subsequently by request to charge the jury with reference to the matter. When proper objection was later interposed to a similar question asked of another witness the trial court promptly sustained such objection.

Remmel v. Czaja, 183 Wis. 503.

The record discloses a number of leading and suggestive questions asked by plaintiff's counsel, but it also discloses, however, that proper objections were not interposed in order to have them stopped. It also appears that defendant's counsel in his turn asked leading questions of defendant's witnesses. Wherever objections were interposed to such as leading, the objections were promptly and properly sustained.

. The accident occurred before noon. Plaintiff was permitted to testify as to statements tending to show admissions of liability made to him by defendant's driver at an interview the afternoon of the same day. Here, again, there were no proper objections so that the trial court might rule upon the same. Furthermore, there was other evidence which was properly received and enough to support the verdict of the jury on the questions as to the negligence of defendant's driver.

We are also convinced that the trial court properly disposed of the incident concerning remarks made by defendant's driver in the hearing of the jury.

An examination of the entire record discloses a situation which warrants an ultimate judgment in plaintiff's favor.

That being so, we are constrained to hold that the errors complained of are not sufficient to warrant a new trial of this action.

*By the Court.*—Order reversed. Cause remanded with directions to affirm the judgment of the civil court.