## Alfred Ruwisch, Appellee, v. Percy Knoebel, Appellant.

1. HIGHWAYS—*instruction on prima facie case based on motor car collision at excessive speed.* Under Sessions Laws 1923, page 553, providing that if any vehicle is driven upon any public highway outside of an incorporated city, town or village at a speed of more than 35 miles an hour such rate of speed shall be prima facie evidence of negligence, it was reversible error, in an action for damages resulting from a collision claimed to have been caused by the excessive speed of defendant, to instruct the jury that a prima facie case would be made out by a showing that plaintiff was injured and that the automobile which caused the injury was at the time running at a speed in excess of 35 miles an hour.

2. HIGHWAYS—*when excessive speed makes injury by motor car wanton or wilful.* The mere fact, in and of itself, that an automobile is driven at a speed prohibited by law will not furnish a sufficient reason for holding that an injury was wilful or wanton.

3. DAMAGES—*evidence to support charge on future pain.* Where plaintiff, in an action for damages for personal injuries, testified that he suffered pain for a while but that it had ceased at the time of the trial, the jury should not have been directed to consider future suffering and loss of health.

4. EXAMINATION OF WITNESSES—*cross-examination suggesting that defendant is insured.* In an action for damages resulting from an automobile collision where a witness for defendant was asked on cross-examination, over objection, questions as to whether the witness had talked to a certain man in the court room and had made a written statement to him, the man being asked to stand up, such questions were improper where it is apparent they were not asked for the purpose of laying a foundation to impeach the witness, the man being an agent of the company insuring defendant which fact may have been known to some of the jurors so that the jury might have inferred that defendant was insured.

5. NEW TRIAL—*affidavits of jurors to impeach verdict inadmissible.* Alleged misconduct of a jury cannot be brought to the attention of the court on a motion for a new trial by affidavits of the jurors themselves or of persons swearing to statements made by them since such affidavits will not be received to impeach the verdict.

Appeal by defendant from the City Court of East St. Louis; the Hon. William F. Borders, Judge, presiding. Heard in this court at the March term, 1924. Reversed and remanded. Opinion filed July 7, 1924.

FRED H. KRUGER, for appellant.

R. W. GRIFFITH and WESLEY LUEDERS, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee recovered a verdict and judgment for $5,000.00 for personal injuries and damages to his car occasioned by a collision with appellant's automobile on a public highway in the country. His declaration consisted of five counts in which he charged appellant with general negligence in operating his car; a failure to keep a proper lookout and to keep his car under control; that he drove his car at an excessive rate of speed; and on the wrong side of the highway. The fifth count charged wanton and wilful negligence.

The Court, on behalf of appellee, instructed the jury as follows:

"The Court instructs you that in an action brought to recover damages, either to the person or property caused by running an automobile propelled by mechanical power on the public highway at a rate of speed greater than is reasonable and proper, having regard for the traffic and the use of the way, or so as to endanger the life or limb or injure the property of any person, the plaintiff is deemed to have made out a prima facie case by showing the fact of such injury, and that the person or persons driving such motor vehicle was at the time of such injury running the same at a speed greater than was reasonable and proper, having regard for the traffic and the use of the way, or so as to endanger the life or limb or injure the property of any person.

"The Court instructs you that in an action brought to recover damages, either to person or property, caused by running an automobile propelled by mechanical power on the public highway at a greater rate of speed than thirty-five miles per hour the plaintiff is deemed to have made out a prima facie case by

showing the fact that he or she has been injured, and that the person running such automobile was at the time of the injury running the same at a speed in excess of thirty-five miles per hour.''

Appellee contends that the instructions are in the language of the statute and were proper under *Ward v. Meredith*, 220 Ill. 66. That case arose under the Act of 1903 which was to the effect that a plaintiff shall be deemed to have made out a prima facie case by showing the fact of the injury and the excessive speed of the defendant's car, Session Laws 1903, page 301. The only point urged against the instruction was that it did not tell the jury that the injury must have been caused by the excessive rate of speed. *Ward v. Meredith*, 122 Ill. App. 159. The point was not made that such proof would simply amount to prima facie evidence of negligence and not to a prima facie case that would entitle the plaintiff to recover in the absence of other proof.

The present statute, which was in force at the time of the collision in question, provides that no person shall drive a vehicle of the first division upon any public highway at a speed greater than is reasonable and proper having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person. It also provides that if any vehicle is driven upon any public highway outside of an incorporated city, town or village at a speed of more than 35 miles per hour such rate of speed shall be prima facie evidence that the person operating such vehicle is running at a rate of speed greater than is reasonable and proper having regard to the traffic and the use of the way, or so as to endanger the life or limb or injure the property of any person. Session Laws 1923, page 553 [Cahill's Ill. St. ch. 95a, ¶ 23].

The statute does not say, as did the Act of 1903, that a plaintiff shall be deemed to have made out a prima facie case by showing the fact of his injury and that

defendant's car was driven at a prohibited speed. It simply says that proof of a higher rate of speed than 35 miles per hour on a public highway in the country is prima facie evidence of negligence on the part of the driver of the defendant's car. There is a wide difference between prima facie evidence of negligence on the part of a defendant and a prima facie case in favor of a plaintiff. The former is simply one of the necessary elements required to make out a prima facie case for the plaintiff. To make out a prima facie case it is just as essential for the plaintiff to produce prima facie evidence of his due care as it is to offer prima facie evidence of the defendant's negligence. To tell the jury that proof of certain facts will make a prima facie case for the plaintiff is to tell them that unless such proof is rebutted or overcome the plaintiff is entitled to recover.

The instructions were not in the language of the statute and were highly calculated to mislead the jury. The jury might very well understand that proof of the facts stated therein, unless rebutted or overcome, would entitle the plaintiff to a verdict, whereas he would not be entitled to recover unless there was also proof of due care on his part. They might understand, too, that proof of such facts would make out a prima facie case of wilful and wanton negligence under the fifth count of the declaration. But the mere fact, in and of itself, that a train or car is driven at a speed prohibited by law will not furnish a sufficient reason for holding that an injury was wilful or wanton. *Blanchard v. Lake Shore & M. S. Ry. Co.,* 126 Ill. 416; *Illinois Central R. Co. v. Eicher,* 202 Ill. 556.

Proof of the facts mentioned in the instructions was wholly insufficient to make out a prima facie case in favor of appellee and we are of the opinion it was reversible error for the court to inform the jury that it was sufficient. We cannot say that the error was cured by other instructions. The jury, not being judges of the law, are as apt to follow bad instructions

as good ones. It has been held that the use of the words "prima facie" in an instruction without explaining their meaning does not render the instruction erroneous, *Chicago & A. R. Co. v. Esten,* 178 Ill. 192, although the court expressed a doubt as to whether the ordinary juror would understand their legal meaning in *Johnson v. Pendergast,* 308 Ill. 255-264.

Appellee testified that he suffered pain for a while but it had ceased at the time of the trial. That being true the jury should not have been directed to consider future suffering and loss of health. Appellant's 14th and 15th refused instructions amounted to nothing more than information to the jury that if the collision and injury were due to an accident without negligence there could be no recovery. That feature of the case was fully covered by other instructions that were given.

Counsel for appellant argues that in the examination of the jury appellee's attorney began a persistent and determined effort to inform the jury that appellant was insured. The record discloses that such was not the fact and the complaint is without merit. On the cross-examination of a witness for appellant counsel for appellee was permitted, over objections, to ask a number of questions as to whether the witness had talked to a certain man in the court room who was asked to stand up and whether the witness had made a written statement to him. The man referred to was the agent of the insurance company. It is quite apparent that the questions were not asked for the purpose of laying a foundation to impeach the witness and they should not have been asked. Some of the jurors may have known the man was an insurance agent and it was another way of letting the jury infer that appellant was insured.

In support of his motion for a new trial appellant presented an affidavit of the bailiff to the effect that after the jury had returned a verdict he heard one of

the jurors say that the jury understood appellant had $10,000.00 insurance and the jury thought they would go fifty-fifty so they made their verdict $5,000.00. Alleged misconduct of the jury cannot be brought to the attention of the court, on a motion for new trial, by affidavits of the jurors themselves or of persons swearing to statements made by the jurors, since such affidavits will not be received to impeach the verdict. *Heldmaier v. Rehor,* 188 Ill. 458. The nature and extent of the injuries to appellee as disclosed by the record in this case are not such as to warrant so large a verdict. For the reasons aforesaid the judgment is reversed and the cause remanded.

*Reversed and remanded.*