(No. 5850. November 30, 1932.)

H. R. CURTIS, Respondent, v. H. R. FICKEN, Appellant.

[16 Pac. (2d) 977.]

Ed. R. Coulter, for Appellant.

George Donart and John H. Norris, for Respondent.

GIVENS, J.—Appellant, driving his own automobile, was going duck hunting with respondent as his gratuitous guest. Descending an inclined road leading to certain river bottoms, the desired hunting ground, the car suddenly skidded, turned across and from the track of the road, and went over a steep embankment on one side of the road, rolling and turning over and injuring both parties.

Respondent sued appellant for general negligence in the driving of the car, and recovered a judgment for damages from which this appeal was taken.

The second assignment of error is that this portion of the direct examination of respondent improperly advised the jury that appellant carried insurance:

"Q. Was anything said at the time by the defendant Ficken to the effect that you were entitled to damages for this injury? Just answer yes or no, whether there was.

"A. Yes sir.

"Q. What did he say?

"Mr. Coulter: We object to that as incompetent, irrelevant and immaterial.

"The Court: He may answer.

"Mr. Donart: What did he say?

"A. He said they surely should pay my doctor bill."

There was nothing in the answer to suggest insurance.

Error is urged because the court refused to admit what appellant claimed was a typewritten statement as to the accident, made by respondent. Respondent admitted he signed a statement, but so soon after the accident his mind was confused and he could not say the one offered was, as to the substance thereof, the one he signed. The party who procured the statement, though present at the trial, never identified it. No abuse of discretion was shown.

Dr. Conant, an expert physician for appellant, testified in chief that when he made an examination of respondent, respondent stated to him that he and appellant were watch-

ing the ducks down in Whitley Bottoms, and that he (appellant) drove the car off the road. Respondent denied having said this.

Dr. Conant also testified tending to minimize respondent's injuries, by stating that his examination of respondent and X-rays did not show a permanent injury to respondent. On cross-examination the following took place:

"Q. In whose employ are you in this case?

"A. The defendant.

"Q. To whom do you look for your pay in this case?"

Objection and Ruling.

"Q. To whom do you look for your pay?

"A. To Mr. Coulter.

"Q. Yes, but where do you know that that pay is coming from?

"A. General Insurance Company.

"Q. You are their examiner, are you not, or one of their examiners?

"A. Yes sir."

The error complained of in this specification is that under the guise of testing the interest of the witness, plaintiff was permitted to get before the jury the fact that defendant carried public liability insurance on his car at the time of the accident. Much must be left to the discretion of the trial court, and each question and answer must be considered by itself. (*Steve v. Bonners Ferry Lumber Co.*, 13 Ida. 384, 398, 92 Pac. 363.)

*Wilson v. St. Joe Boom Co.*, 34 Ida. 253, 200 Pac. 884, *Cochran v. Gritman*, 34 Ida. 654, 664, 203 Pac. 289, and *Faris v. Burroughs Adding Machine Co.*, 48 Ida. 310, 282 Pac. 72, considered the examination of a juror. *Crossler v. Safeway Stores*, 51 Ida. 413, 80 A. L. R. 463, 6 Pac. (2d) 151, considered the cross-examination of a witness already shown to be manager of appellant. A gratuitous statement attributed to him about the company having insurance, therefore, had no bearing on his bias or interest. Some authorities hold it erroneous for plaintiff to bring out on

direct examination of his witnesses or by documentary evidence that defendant carries insurance.[1]

Others hold it improper for plaintiff to cross-examine defendant for the purpose of eliciting a statement that defendant carries insurance.[2] It is usually erroneous

---

[1] *Walker v. New Haven Hotel Co.*, 95 Conn. 231, 111 Atl. 59; *Taggart v. Keebler*, 198 Ind. 633, 154 N. E. 485; *Livingstone v. Dole*, 184 Iowa, 1340, 167 N. W. 639; *Donnelly v. Younglove Lumber Co.*, 140 App. Div. 846, 125 N. Y. Supp. 689; *Horan v. Altman*, (Sup.) 176 N. Y. Supp. 433; *Leon v. Blaustein*, (Sup.) 189 N. Y. Supp. 78; *Lytton v. Marion Mfg. Co.*, 157 N. C. 331, Ann. Cas. 1913C, 358, 72 S. E. 1055; *Jones v. Sinsheimer*, 107 Or. 491, 214 Pac. 375; *Rosumny v. Marks*, 118 Or. 248, 246 Pac. 723; *Wells v. Morrison*, 121 Or. 604, 256 Pac. 641; *Wichita Falls Motor Co. v. Meade*, (Tex. Civ. App.) 203 S. W. 71; *Birch v. Abercrombie*, 74 Wash. 486, 133 Pac. 1020, 50 L. R. A., N. S., 59; *Thompson Drug Co. v. Latham*, (Tex. Civ. App.) 19 S. W. (2d) 825; *Ryan v. Simeons*, 209 Iowa, 1090, 229 N. W. 667; *Lanham v. Bond*, 157 Va. 167, 160 S. E. 89; *Simpson v. Foundation Co.*, 201 N. Y. 479, Ann. Cas. 1912B, 321, 95 N. E. 10; *Walters v. Appalachian Power Co.*, 75 W. Va. 676, 84 S. E. 617; *Atkins v. Bartlett*, 101 W. Va. 263, 132 S. E. 885; *Carter v. Walker*, (Tex. Civ. App.) 165 S. W. 483.

[2] *Watson v. Adams*, 187 Ala. 490, Ann. Cas. 1916E, 565, 65 So. 528; *Blalack v. Blacksher*, 11 Ala. App. 545, 66 So. 863; *Emery Dry Goods Co. v. De Hart*, 130 Ill. App. 244; *Volkmann v. Brossmann*, 129 Ill. App. 182; *Gracz v. Anderson*, 104 Minn. 476, 116 N. W. 1116; *Herrin v. Daly*, 80 Miss. 340, 92 Am. St. 605, 31 So. 790; *Gore v. Brockmann*, 138 Mo. App. 231, 119 S. W. 1082; *Wilson v. Blair*, 65 Mont. 155, 27 A. L. R. 1235, 211 Pac. 289; *Akin v. Lee*, 206 N. Y. 20, Ann. Cas. 1914A, 947, 99 N. E. 85; *Bryant v. Welch Furniture Co.*, 186 N. C. 441, 119 S. E. 823; *Stoskoff v. Wicklund*, 49 N. D. 708, 193 N. W. 312; *Edwards v. Laurel Branch Coal Co.*, 133 Va. 534, 114 S. E. 108; *Iverson v. McDonnell*, 36 Wash. 73, 78 Pac. 202; *Lowsit v. Seattle Lumber Co.*, 38 Wash. 290, 80 Pac. 431; *Wilkins v. Schwartz*, 101 W. Va. 337, 132 S. E. 887; *Vasquez v. Pettit*, 74 Or. 496, Ann. Cas. 1917A, 439, 145 Pac. 1066; *Lanham v. Bond*, 157 Va. 167, 160 S. E. 89; *Ronan v. J. G. Turnbull Co.*, 99 Vt. 280, 131 Atl. 788; *Wilson v. Wesler*, 27 Ohio App. 386, 160 N. E. 863; *Duke v. Parker*, 125 S. C. 442, 118 S. E. 802; *Levinski v. Cooper*, (Tex. Civ. App.) 142 S. W. 959; *Westby v. Washington Brick etc. Mfg. Co.*, 40 Wash. 289, 82 Pac. 271; *Braun v. Bell*, 247 Mass. 437, 142 N. E. 93; *Pritz v. Carnot*, (Sup.) 179

for plaintiff to intentionally elicit from defendant's witnesses a statement that defendant carries insurance, or to ask them questions which intimate that such is the case.[3] It has also been held erroneous for counsel to comment during the trial or argue to the jury to the effect that defendant carries insurance.[4] However, there is a well-defined exception to the rule holding such evidence to be inadmissible, to the effect that facts tending to show interest or bias on the part of a witness may be elicited on cross-examination, even though such examination necessarily discloses that defendant in such action is protected by insurance.[5]

N. Y. Supp. 164; *Tincknell v. Ketchman*, 78 Misc. Rep. 419, 139 N. Y. Supp. 620; *Bianchi v. Millar*, 94 Vt. 378, 111 Atl. 524.

[3] *Capital Const. Co. v. Holtzman*, 27 App. D. C. 125; *McCarthy v. Spring Valley Coal Co.*, 232 Ill. 473, 83 N. E. 957; *Ruwisch v. Knoebel*, 233 Ill. App. 526; *Frahm v. Siegel-Cooper Co.*, 131 App. Div. 747, 116 N. Y. Supp. 90; *Ross v. Willamette Valley Transfer Co.*, 119 Or. 395, 248 Pac. 1088; *Burgess v. Germany-Roy Brown Co.*, 120 S. C. 285, 113 S. E. 118; *Papke v. Haerle*, 189 Wis. 156, 207 N. W. 261; *Rudd v. Jackson*, 203 Iowa, 661, 213 N. W. 428; *Remmel v. Czaja*, 183 Wis. 503, 198 N. W. 266.

[4] *Allen v. Autenrieth*, (Mo. App.) 280 S. W. 79; *D. & H. Truck Line v. Lavallee*, (Tex. Civ. App.) 7 S. W. (2d) 661; *Lewis v. Beckard*, 118 Neb. 533, 225 N. W. 462; *Flamion v. Dawes*, 91 Ind. App. 394, 169 N. E. 60; *Lanham v. Bond*, 157 Va. 167, 160 S. E. 89; *Standridge v. Martin*, 203 Ala. 486, 84 So. 266; *Grubaugh v. Simon J. Murphy Co.*, 209 Mich. 551, 177 N. W. 217.

[5] *Wabash Screen Door Co. v. Black*, (C. C. A.) 126 Fed. 721; *Vindicator Con. Gold Min. Co. v. Firstbrook*, 36 Colo. 498, 10 Ann. Cas. 1108, 86 Pac. 313; *Dempsey v. Goldstein Bros. Amusement Co.*, 231 Mass. 461, 121 N. E. 429; *Di Tommaso v. Syracuse University*, 172 App. Div. 34, 158 N. Y. Supp. 175; *Lenahan v. Pittston Coal Min. Co.*, 221 Pa. 626, 70 Atl. 884; *Raymond's Admx. v. Rutland Ry., L. & P. Co.*, 90 Vt. 373, 98 Atl. 909; *Cady v. Lang*, 95 Vt. 287, 115 Atl. 140; *McAndrews v. Leonard*, 99 Vt. 512, 134 Atl. 710; *Moy Quon v. M. Furuya Co.*, 81 Wash. 526, 143 Pac. 99; *Rust v. Washington Tool & Hdwe. Co.*, 101 Wash. 552, 172 Pac. 846; *Martell v. Kutcher*, 195 Wis. 19, 216 N. W. 522; *Mississippi Ice & Utilities Co. v. Pearce*, 161 Miss. 252, 134 So. 164; *Fletcher v. Saunders*, 132 Or. 67, 284 Pac. 276; *Murray v. Jackson*, 180 Ark. 1144, 24 S. W. (2d) 960; *Hedger v. Davis*, 236 Ky. 432, 33 S. W. (2d) 310.

Respondent in this case went to Dr. Conant's office for a physical examination. Any statement made by him with regard to the accident except as bearing on his physical condition was not within the province of the doctor's duties as detailed by the doctor himself. In view of this situation, we cannot say that it was prejudicial error for counsel to bring out the fact that he was paid by the insurance company, and their regular examiner, as bearing on his bias, credibility and interest. Such cross-examination should, however, be carefully controlled by the trial court.

Instruction No. 5[6] read in connection with instruction No. 7[7] was not incorrect.

Appellant's requested instruction No. 5 was as follows:

"You are instructed that skidding of an automobile on a slick or icy road may occur without fault on the part of the driver, and when it does occur it may likewise continue without fault for a considerable space of time. It means a

---

[6] "This action is based on negligence, and before a recovery can be had by the plaintiff, it must be shown that the defendant negligently violated some duty which he owed to plaintiff, which was the proximate cause of the damage claimed. Plaintiff claims that defendant was negligent and sets forth in his complaint the several particulars in which he claims that defendant was negligent which have already been mentioned in these instructions. It is not necessary for the plaintiff to prove all these particular acts of negligence so alleged, but it is necessary that plaintiff establish by a preponderance of the evidence that the defendant was negligent in at least one of the particulars set forth in his complaint or he cannot recover."

[7] "You are instructed that 'proximate cause' in its legal signification, is a cause which in its natural and continuous sequence, unbroken by any new cause, produces an event, and without which the event would not have occurred, but in order to warrant a finding that the negligence is the proximate cause of damage, it must appear from the evidence that the damage was the natural and probable consequence of the negligence, and ought to have been foreseen as likely to occur by a person of ordinary prudence in the light of the attending circumstances."

partial or complete loss of control of the car under circumstances not necessarily implying negligence.

"You are instructed that if you find from the evidence that at the time and place of accident the road over which the car driven by defendant, and in which plaintiff and defendant were riding, was slick and icy, and that from some unknown cause the car skidded or jumped from the beaten track or path in the road over which it was being driven then you are instructed that proof of such facts does not show negligence on the part of the defendant in driving said car at the time and place where the said skidding of the car from the road occurred."

The court in instruction No. 12 gave the second paragraph, adding the word "necessarily" before the word "show." Appellant complains of this on the ground that skidding alone is not enough to prove actionable negligence. The first paragraph in the requested instruction was general, and told the jury *skidding* was not *necessarily* negligence, etc., the second paragraph being different only in that it was particular, and omitted the word "necessarily," and while we do not approve either paragraph, and do not pass upon the question of the effect of skidding alone in connection with the claimed negligence, the two paragraphs are so substantially similar, even with the change the court made in the second paragraph as given, that appellant may not complain of what he in effect requested. (4 C. J., sec. 2620, pp. 708, 709, citing among other cases, *American Bonding Co. v. Regents of University*, 11 Ida. 163, 81 Pac. 604.)

Instruction No. 11 was as follows:

"You are instructed that when a thing which causes injury is shown to be under the management of the defendant and the accident is such as in the ordinary course of things does not happen if those who have the management use ordinary care, it affords reasonable evidence in the absence of explanation by the defendant that the accident arose from the want of ordinary care."

Appellant argues first, that *res ipsa loquitur* does not apply because particular acts of negligence were alleged, and

then contends that they were not proven. Such criticism is untenable for this reason: that no specific acts of negligence were alleged. Negligence was alleged only in general terms, with the conclusion in effect that the accident happened by reason of the negligence of defendant.

Four possible pertinent incidents of the accident in connection with the matter of negligence in the operation of the car were: the slippery road; the speed of the car; diverted attention; and the use of the accelerator instead of the brake.

There is an apparent confusion among the authorities, some holding that *res ipsa loquitur* applies only where the jury cannot put their finger on any particular negligent act, and not where facts or circumstances show there may have been ascertainable negligent acts though not specifically alleged nor solely relied upon, and *vice versa*.

Some support the instruction though specific incidents of negligence exist, i. e., *Michener v. Hutton,* 203 Cal. 604, 59 A. L. R. 480, 265 Pac. 239, negligence in failure to fasten a section of pipe, resulting in its fall, injuring plaintiff; *Francisco v. Circle Tours Sightseeing Co.,* 125 Or. 80, 265 Pac. 801, negligent running of a bus into a sidehill to stop it; *Mackenzie v. Oakley,* 94 N. J. L. 66, 108 Atl. 771, condition of the road.

While *Heffter v. Northern States Power Co.,* 173 Minn. 215, 217 N. W. 102; *Osborne v. Charbneau,* 148 Wash. 359, 64 A. L. R. 251, 268 Pac. 884; *Springs v. Doll,* 197 N. C. 240, 148 S. E. 251; 15–16 Huddy, Automobiles, sec. 157, p. 283 (but see pages 280, 281), hold to the contrary, we believe the better rule is stated in *Kilgore v. Brown,* 90 Cal. App. 555, 266 Pac. 297, at page 299, as follows:

"We do not think this language can be taken as authority for the proposition that, if the plaintiff, after a general allegation of negligence, explains the details of the case on the witness stand so far as she knows them, and hits upon the cause of the accident, this deprives the plaintiff of the *res ipsa loquitur* instruction to the jury. The fact that some testimony is offered which tends to show specific acts of negligence does not preclude the plaintiff from relying on

the presumption. *Freeman v. Foreman,* 141 Mo. App. 359, 125 S. W. 524. This does not seem to be the doctrine in *Osgood v. Los Angeles, etc., Co.,* [137 Cal. 280, 92 Am. St. 171, 70 Pac. 169], *supra,* nor in *Tompkins v. Clay Street Ry. Co.,* 66 Cal. 163, 4 Pac. 1165, wherein the court said that no presumption of negligence arises from the mere fact of injury resulting from the collision as against the proprietor of the vehicle not occupied by the plaintiff, but that the rule clearly applies to the proprietor of the vehicle occupied by plaintiff. It would be difficult, indeed, to imagine how, under the rule as contended for by appellant, the case could ever be proved against the other defendant without forfeiting the benefit of the *res ipsa loquitur* rule as to the defendant carrying the plaintiff as a passenger.''

It seems unreasonable to hold that plaintiff, under the doctrine of *res ipsa loquitur,* may recover if only the accident is shown, and deny it if the circumstances disclose what might be legitimately considered incidents of negligence. (See, also, *Poth v. Dexter Horton Estate,* 140 Wash. 272, 248 Pac. 374; *Kenney v. Antonetti,* 211 Cal. 336, 295 Pac. 341; *Wright v. Southern Counties Gas Co.,* 102 Cal. App. 656, 283 Pac. 823; *Davis v. Brown,* 92 Cal. App. 20, 267 Pac. 754.)

*Wilbur v. Home Lumber etc. Co.,* 131 Or. 180, 282 Pac. 236, criticises the above case (*Davis v. Brown*), and says it states the minority rule, relying on Berry on Automobiles, 6th ed., sec. 249. The text, however, merely states that skidding is not evidence of negligence.

In *Klein v. Beeten,* 169 Wis. 385, 5 A. L. R. 1237, 172 N. W. 736, the court refused the doctrine because it was not shown that the blowout of a tire was caused by negligence, or the cause of the accident, in effect holding that because no negligence other than the happening of the accident was shown, the doctrine was inapplicable.

The *dictum* in *Jacob v. Ivins,* (C. C. A.) 250 Fed. 431 (*dictum* because the case was not reversed), was to the effect that *res ipsa loquitur* did not apply because too much was proved.

In *Wallace v. Keystone Auto. Co.*, 239 Pa. 110, 86 Atl. 699, the doctrine was applied where there were considered to be three possible incidents of negligence.

*Linden v. Miller*, 172 Wis. 20, 12 A. L. R. 665, 177 N. W. 909, considered skidding.

Thus it appears that in some instances *res ipsa loquitur* was denied because no specific acts of negligence were shown, and in some because they were.

Even though reasonable minds might differ as to whether the accident and circumstances were of such nature as to prove or not to prove negligence, still the doctrine would apply. Otherwise it would be the duty of the court to instruct for the plaintiff or defendant. By instruction No. 11, the court charged the jury to determine the disputed question about which minds might differ, which is the basis for its submission; whether the accident did happen with or without negligence. The court must first determine as a matter of law whether the accident could reasonably be found because of its happening to rest upon a negligent cause, known or unknown, leaving it to the jury to ultimately so determine.

Under all the authorities, we believe the court was herein justified in giving instruction No. 11.

Requested instructions Nos. 2 and 3 were sufficiently covered by those given.

While meager, the evidence was sufficient to sustain the verdict and judgment, which is ordered affirmed. Costs awarded to respondent.

Lee, C. J., and Budge, Varian and Leeper, JJ., concur.