(No. 12620.—Reversed and remanded.)

JAMES F. BISHOP, Admr., Defendant in Error, *vs.* THE CHICAGO JUNCTION RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed June 18, 1919—Rehearing denied October 9, 1919.*

1. NEGLIGENCE—*statement of counsel that defendant will be reimbursed for payment of damages is improper.* In an action for wrongful death any statement of plaintiff's counsel which shows that the defendant is being protected from the payment of damages by being reimbursed for such payment is improper because of its influence on the jury.

2. TRIAL—*counsel has no right to "badger" a witness.* There is nothing in the duties of an attorney to his client requiring him to mistreat or "badger" a witness, and the mere fact that the parties are in court, where the witness is on the stand without right to retaliate, does not give counsel the right to subject the witness to mistreatment or insult.

3. SAME—*when court should act promptly in stopping misconduct of counsel.* It is the duty of a court to preserve the respect due to its dignity and the administration of the law, and where an attorney, under the pretense of arguing the case, indulges in the abuse of parties or witnesses the court should act promptly in stopping such misconduct instead of merely sustaining objections.

4. SAME—*when misconduct of counsel will amount to mis-trial.* While the influence of prejudicial statements of counsel, inadvertently made, may generally be overcome by sustaining objections thereto and by retraction, made in good faith, on the part of the offending counsel, yet where counsel, in the presence of the jury, purposely and persistently indulges in acts and statements prejudicial to the rights of the opposite party such misconduct will amount to a mis-trial of the cause, although objections are sustained.

Writ of Error to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Marcus Kavanagh, Judge, presiding.

Winston, Strawn & Shaw, (Silas H. Strawn, John D. Black, and Edward W. Everett, of counsel,) for plaintiff in error.

James C. McShane, for defendant in error.

Mr. Justice Stone delivered the opinion of the court:

Defendant in error, as administrator of the estate of James J. Morrissey, deceased, filed suit in the superior court of Cook county against the plaintiff in error and the Michigan Central Railway Company for damages by reason of the alleged wrongful death of Morrissey. The declaration charged that Morrissey was fatally injured June 24, 1914, while employed as a switchman for plaintiff in error. The declaration also averred that the deceased and his employer and the Michigan Central Railway Company were engaged in inter-State commerce; that Morrissey, while in the exercise of ordinary care, was about to cross the track upon which a Michigan Central engine and caboose were approaching and was negligently run down by said caboose and killed. A trial was had resulting in a verdict for the defendant in error in the sum of $15,000 damages. A motion for new trial was overruled. At the close of the evidence the cause was dismissed as to the Michigan Central Railway Company. The Appellate Court for the First District affirmed the judgment, and the cause comes here on a writ of *certiorari*.

Morrissey was a switchman and had been in the employ of the plaintiff in error for something like five years, his employment during the greater portion of that time being in and about what is known as the Ashland yards, in the

city of Chicago. On June 24, while engaged in his regular employment, he was riding on the foot-board of a switch engine belonging to plaintiff in error. The engine stopped and Morrissey stepped from the foot-board of the engine and started across the space between the track on which the engine was standing and that upon which a Michigan Central engine, pushing a caboose, was approaching. He had taken but a few steps across this space when he was struck by the corner of the caboose and fatally injured. The negligence charged was that the Michigan Central train was being run at a rate of speed in excess of that permitted by the rules of plaintiff in error and at a rate which was improper and dangerous under the circumstances; that the air whistle on the caboose was not being blown; that the train was approaching deceased from behind, and that the whistle was not blown until after deceased had alighted from the engine on which he was riding, which was too late to avoid the accident.

It is not contended here that the plaintiff in error and the deceased were not engaged in inter-State commerce but such is admitted by plaintiff in error. There are no assignments of error touching the receiving or refusing of testimony or the giving or refusing of instructions to the jury. Plaintiff in error contends that misconduct and remarks of counsel for defendant in error were prejudicial and prevented plaintiff in error from having a fair and impartial trial, and that the court's conduct and remarks constituted reversible error. It is also contended that the evidence was such as to show assumption of risk on the part of the deceased as a matter of law, and that it also shows, as a matter of law, that the contributory negligence of deceased was one hundred per cent.

As to the plaintiff in error's first contention, it seriously urges that the remarks of the counsel for defendant in error during the course of the trial, his statements in argument and conduct towards the witnesses of the plaintiff in

error were such as to influence and prejudice the jury, and numerous instances of such misconduct are cited. It appears that at the close of the evidence, when defendant in error dismissed the case against the Michigan Central Railway Company, the clerk asked counsel for the Michigan Central whether the dismissal was without costs, to which he replied, "No; judgment against the plaintiff for three dollars costs;" that counsel for defendant in error then stated in the hearing of the jury: "You will pay out more than that before we get through; note an exception to the fact that the Michigan Central paid out three dollars; that is not all they did," and turning to the widow of the deceased he said, "Have you three dollars to give to the Michigan Central railroad?" Counsel again said, "You will pay more before we get through." It appears that the judge was in his chambers when this occurred, and upon his return to the bench the record was read and the court declared such practice was wrong and that the jury should disregard the statement of counsel for the defendant in error. The court also said, apparently concerning the conduct of counsel on both sides: "They get fighting like a couple of bull dogs and all that sort of thing, but Mr. McShane did not have any right to say what he said and you may disregard that." This, it is contended, was not only misconduct on the part of the counsel for defendant in error, but that the court should not have criticised counsel for plaintiff in error. It is also urged that these remarks of counsel were especially prejudicial to plaintiff in error when considered in connection with statements made by him in his closing argument, to the effect that the Michigan Central Railway Company would reimburse plaintiff in error for any damages which it might be required to pay. Objection was also made to this statement but was overruled by the court. Statements of counsel made in the presence of the jury concerning the payment of three dollars to the Michigan Central Railway Company and to the effect that it would pay

more before it was through, were not only clearly prejudicial but apparently were intentionally so.  Counsel for the railroad company had a right to have a judgment for costs entered in its favor as a final determination of litigation against it.  The remarks of counsel concerning that matter could only have the effect of prejudicing the jury.  Nor were the statements of counsel for defendant in error that the Michigan Central would reimburse plaintiff in error proper or justified.  We have frequently held that any reference to the fact that a party sued is protected by an insurance policy from the payment of damages is improper by reason of its influence upon the jury.  Such a statement has been held to be reversible error.  (*McCarthy* v. *Spring Valley Coal Co.* 232 Ill. 473.)  Any statement which shows that the defendant in a lawsuit is being protected from the payment of damages by being reimbursed for such payment is error, and the superior court erred in not sustaining the objection of plaintiff in error thereto and in not instructing the jury to disregard the statement. .

It also appears from the record that on cross-examination of one of the witnesses for plaintiff in error counsel for defendant in error asked a question to which the witness replied, "I don't know how to answer it."  Counsel replied, "Well, answer it; keep to the question and answer it the best you can."  Counsel for plaintiff in error said, "He said he does not know how to answer it," and counsel for defendant in error replied, "Answer truthfully; that is one way."  To this treatment counsel for plaintiff in error objected and took exception and the court sustained the objection. . Examination of the testimony of this witness discloses no evidence that he was attempting to avoid answering the question or to answer it untruthfully, and the inference contained in the statement of counsel was unwarranted.  There is nothing in the duties of an attorney to his client requiring him to mistreat or "badger" a witness.  Witnesses in their testimony while on the witness stand are

unaccustomed to court procedure, and are, as a result, many times nervous and ill at ease. The mere fact that the parties are in court, where the witness is without right to retaliate, does not give counsel the right to subject a witness to mistreatment or insult.

Numerous other instances more or less prejudicial in their character are charged by counsel for plaintiff in error in their brief, all of which were objected and excepted to by them, some of which were sustained by the court and some were overruled. The record shows that counsel for defendant in error made numerous statements in his argument before the jury which were objected to as prejudicial and tending to affect the verdict of the jury, as to some of which objections were sustained and as to others overruled.

It is contended by counsel for plaintiff in error that during the cross-examination of John Lotts counsel for defendant in error sought to impeach the witness by the inference that he (counsel for defendant in error) was reading from witness' statement, and that when counsel for plaintiff in error objected to such use of a statement before the jury counsel for defendant in error replied, "I will offer this to the jury, if you consent." Upon objection and exception to said statement the court said, "You have a right to consent, haven't you?" This was clearly an improper statement on the part of both the court and counsel for the defendant in error. It is not contended that the paper was competent to go before the jury when this statement was made. The evident effect and the apparent purpose of such a statement in the presence of the jury was to cause them to feel that plaintiff in error was afraid to have said paper read to them. Such conduct was improper and prejudicial to plaintiff in error, and the court should have sustained counsel's objection thereto and admonished the jury concerning the same.

The rule concerning the effect of misconduct of counsel has been stated in numerous cases. In the case of *Ap-*

*pel* v. *Chicago City Railway Co.* 259 Ill. 561, a judgment
of the lower court was reversed for misconduct of counsel. In that case it was said: "In a clear case, however,
this court will reverse a judgment because of the improper
conduct of counsel, and has reversed judgments because of
prejudicial statements of counsel even though the trial court
has sustained objections to such statements, rebuked counsel and directed the jury to disregard the statements. (*Wabash Railroad Co.* v. *Billings,* 212 Ill. 37; *Chicago Union
Traction Co.* v. *Lauth,* 216 id. 176.) The rule in this State
must be regarded as settled that misconduct of counsel of
the character mentioned is sufficient cause for reversing a
judgment unless it can be seen that it did not result in injury to the defeated party. The questions to be determined
are, therefore, whether the improper argument was of such
a character as was likely to prejudice the defendant, and
if so, was the verdict so clearly right that a new trial ought
not to be granted because of such prejudicial argument."

In *Chicago and Alton Railroad Co.* v. *Scott,* 232 Ill.
419, counsel for the plaintiff indulged in inflammatory language against the railroad company calculated to prejudice
the jury. The trial court sustained the objections thereto.
It was held there that the sustaining of the objections under the circumstances in that case did not excuse the error.
This court there said: "A court owes a duty of protection
to witnesses and parties, and especially to witnesses, and
hearing an attorney, under the guise of argument, abusing
his privilege, should, either upon objection or its own motion, check the attorney, and not only do that but preserve
the dignity of the court by compelling obedience to its order.
(2 Ency. of Pl. & Pr. 750.) It is the duty of a court to
preserve its own dignity and the respect due to the courts
and the administration of the law by not allowing an attorney, under the pretense of arguing the case, to indulge
in abuse of parties or witnesses. (*City of Salem* v. *Webster,* 192 Ill. 369.) The power vested in the court should

have been promptly used in this case at the outset by stopping the line of argument upon which the attorney had entered and endeavoring to remove the prejudices excited by his language. The court failed in its duty, and the mere sustaining of objections was no adequate remedy for the evil done. As was said by the Supreme Court of Wisconsin in the case of *Sullivan* v. *Collins,* 107 Wis. 291: 'The least that a self-respecting court can do under such circumstances is to stop such practice in the presence of the jury and not allow it to proceed with simply a perfunctory sustaining of objections.' "

In *Chicago Union Traction Co.* v. *Lauth, supra,* it was said: "The rule is, that although the trial court may have done its full duty in its supervision of the trial and in sustaining objections, a new trial should be granted where it appears that the abuse of argument has worked an injustice to one of the parties."

While it is true that at times, in closely contested cases, counsel may inadvertently say that which is prejudicial, the influence of such a statement may generally be overcome by sustaining objections thereto and by retraction on the part of offending counsel made in good faith, yet where it would appear, as it does here by frequent instances, that counsel has in the presence of the jury indulged in acts and statements prejudicial to the rights of the opposite party, and which tend to indicate that he was seeking what might be gained from such prejudice of the jury, such misconduct will amount to a mis-trial of the cause, unless it can be seen that it did not result in injury to the plaintiff in error. We cannot so hold here. The evidence was conflicting and the verdict returned was for a large sum. While it is unfortunate that this case must be reversed for these reasons, yet it is a misfortune visited upon defendant in error by his own attorney. When intelligent counsel persists in conduct which he knows may result in setting aside the verdict of the jury if he secure one, he is thereby deliberately tak-

ing chances with his client's rights. As was said in *Bale v. Chicago Junction Railway Co.* 259 Ill. 476, where prejudicial remarks were made, objected to and objection sustained: "This kind of argument cannot be justified, and if willfully persisted in will justify the reversal of a judgment even though the court has sustained objections to it. It is, of itself, sufficient reason for granting a new trial." It appears that this is not the first instance in which this court has been compelled to criticise the conduct of counsel for defendant in error. In the case of *Kenna v. Calumet, Hammond and Southeastern Railroad Co.* 284 Ill. 301, said counsel's conduct was held grossly improper. As objecting counsel had likewise indulged in improper conduct, that complained of did not there work a reversal of the case. There appears to be no evidence in the record of any improper conduct on the part of counsel for plaintiff in error and none is charged. While it is regretable that this case must be reversed because of improper conduct of intelligent and able counsel, yet if courts of law are to be sources of justice, the rule that parties litigant, regardless of who they may be, shall have secured to them the opportunity to have the issues of their case tried by a jury free from the prejudicial influence of improper conduct of counsel must be strictly enforced.

It is also contended that the evidence is such as to establish that the deceased, as a matter of law, assumed the risk of the injury he received, and that the evidence is likewise such as to show contributory negligence, as a matter of law, on the part of the deceased to the extent of one hundred per cent. As this case must be re-tried it would not be proper for us to discuss the evidence in the record.

The judgments of the Appellate and superior courts will be reversed and the cause remanded to the superior court of Cook county.   *Reversed and remanded.*