Arthur W. Smallen, Appellee, v. Charles Aronson, Appellant.

Gen. No. 33,320.

Opinion filed June 26, 1929. Rehearing denied July 8, 1929.

WOLF & LOVE, for appellant; STEPHEN LOVE, of counsel.

JOHN A. BLOOMINGSTON, for appellee.

Mr. Justice Holdom delivered the opinion of the court.

This is an action on the case for personal injuries. There was a trial before court and jury, which resulted in a verdict in favor of plaintiff with an assessment of damages at $1,500. Motions for a new trial and in arrest of judgment being made and overruled, judgment for the amount of the verdict, $1,500, was entered, from which defendant prayed, perfected and prosecutes this appeal.

No questions arise on the pleadings or as to the amount of the judgment or challenge of any instruction given by the court to the jury. However, it is assigned for error and argued that the trial court committed reversible error in failing to sustain defendant's objections to certain testimony of one Harold Rosenwald, a witness for plaintiff, and in not allowing defendant to withdraw a juror and continue the hearing of the cause. The following is an account of the proceedings objected to by defendant, and which he argues constitute reversible error:

"Mr. Bloomingston (to witness): Did you scratch out these various scratch-outs, this scratch-out that is done here?

"A. A man from the insurance company wrote that out.

"Mr. Roemer: Now if your Honor please, I object.

"Mr. Bloomingston: What is the matter?

"Mr. Roemer: I have to make a motion to withdraw a juror.

"The Court: That motion is overruled.

"Mr. Roemer: Exception.

"The witness continuing: The man sat at a desk in my office and kept on writing and asking me questions whether I recalled such and such, and he kept on writing, and when he got all through, he stated, 'Now will you read it over?' I signed the pages for him.

"Mr. Bloomingston: What did he say to you about what his interest was in this matter; did he tell you that?

"Mr. Roemer: I object.

"A. He said he was from the insurance company.

"The Court: Objection sustained and that is stricken out.

"Mr. Roemer: I want to renew my motion now if the court please, to withdraw a juror; it is quite palpable, your Honor.

"Mr. Bloomingston: May I show you the decisions, any number of them?

"The Court: Yes, you may go ahead, I will overrule the motion for the present.

"Mr. Roemer: Exception."

Again on redirect examination of the plaintiff by Mr. Bloomingston, with reference to a prior statement which the plaintiff admittedly signed right after the accident, the following occurred:

"Q. Did anyone at any time come to you from the defendant here and ask you to sign a statement? A. Yes, sir.

"Q. Did you sign it? A. I believe—yes, I did.

"Q. And you frankly told them everything you knew about this thing? A. I did.

"Q. Did you go to any lawyer's office, representing them?

"Mr. Roemer: I object to that.

"Mr. Bloomingston: I just want to show.

"The Court: Is that in reference to this paper?

"Mr. Bloomingston: Yes, that is what I mean, in reference to the paper.

"Q. Did you go to a lawyer's office with reference to this paper? A. I do not know whether he is a lawyer or not. I imagine they were lawyers.

"Mr. Bloomingston: Where did you see them?

"Mr. Roemer: I object to that, if your Honor please.

"The Witness: In the Insurance Exchange Building.

"Mr. Roemer: I object to that, and I make the same motion that I did some time ago.

"Mr. Bloomingston: That is all. I am just asking what building it was; what building it was in.

"The Court: He said it was in the Insurance Exchange Building.

"The Witness: In the Insurance Exchange.

"Mr. Bloomingston: In the Insurance Exchange.

"The Witness: Yes, sir.

"Q. Was that where you signed that paper in question? A. It was.

"Q. Did you go there voluntarily, that is of your own account or were you invited up there? A. I was invited up there.

"Renewal of motion by defendant to withdraw a juror and overruling of same by the court."

The foregoing recitation states everything which defendant claims occurred of an objectionable nature at the trial. Defendant argues that in an action to recover for personal injuries caused by defendant's negligence, it is reversible error for the plaintiff to inform the jury, directly or indirectly, that the defendant is protected by casualty insurance against liability. The authorities cited by counsel for defendant are all to the effect that "any reference to the fact that a party sued is protected by an insurance policy from the payment of damages is improper" for the jury and that so doing is reversible error. *Bishop v. Chicago Junction Ry. Co.*, 289 Ill. 63, and other cases cited to a like effect.

We think the difficulty with defendant's contention lies in the fact that the witness did not testify at any time that defendant was protected by accident insurance. Neither was that fact disclosed to the jury by statement of counsel in argument or otherwise. We think it is apparent that what the witness did testify

.to was innocuous so far as tending to show the fact, if it was a fact, that the defendant was covered by accident insurance. The witness was simply describing the conditions under which the document before him was in some places "scratched out." One of the answers was, as above recited, "a man from the insurance company wrote that out." And another time, referring to the man he answered, "He said he was from the insurance company," and then he testified that he went to the office in regard to the matter about which he was testifying, which was "in the Insurance Exchange Building." That is the sum and substance of all that was said by the witness Rosenwald on that subject. From such testimony the jury could not find any foundation for assuring that defendant's liability in the case on trial was covered by accident insurance. If they did, they must draw on their imagination, which would be entirely unwarranted. We have no right to assume that from the words used by the witness there was an intimation that defendant was insured against the accident in suit. The answers given by the witness were pertinent to this testimony, which was not subject to objection. We have no right to assume from the fact that the verdict itself or the amount assessed as damages not being challenged, that the references to an insurance company did injuriously affect any of defendant's rights. In *Eldorado Coal & Coke Co. v. Swan,* 227 Ill. 586, the court said:

"Appellant asks that the judgment be reversed because appellee's counsel, after adverse rulings of the court, asked questions which implied that the appellant was insured in a casualty company, and that the judgment, if one should be rendered, would be paid by such company. Error is usually only assignable on the rulings of the court. The court promptly ruled against appellee's right to inquire into the irrelevant matter suggested by the questions, but the questions were repeated to other witnesses. The conduct of

counsel in thus seeking to place before the jury matters not involved in the issue is censurable in the highest degree, and if the amount of the verdict were such as to raise a suspicion in our minds that the jury had been influenced by this misconduct, or if the case were a close one on the facts, we would not hesitate to reverse the judgment for this reason alone. But since the verdict was rather below the usual amount awarded where the injury has been sustained such as the evidence shows here, and the case is reasonably clear on the facts, there is no reason to suspect that the jury were actuated by prejudice or passion.''

These remarks are very apropos to the instant case, for in that case plaintiff was guilty of bringing before the jury the fact that defendant was covered by insurance, and yet the court refused for that error alone to reverse the judgment. In this case there was no such suggestion, and as the amount of the verdict is not challenged, it is apparent that the jury were not influenced in their assessment of damages by the witness Rosenwald's using the words ''Insurance Company'' without any other details.

In *Wrisley Co. v. Burke,* 203 Ill. 250, it was held not to be reversible error where from the testimony of a physician for plaintiff it incidentally appeared that such physician was paid by the accident insurance company. There was an affirmance on this point on the same ruling in the same case in the Appellate Court, 106 Ill. App. 30. *Chicago City R. Co. v. Carroll,* 206 Ill. 318, is to a like effect. Defendant's objections to the testimony of Rosenwald, hereinabove recited, were properly overruled, and the overruling of defendant's motion to withdraw a juror and continue the case was without error.

The judgment of the superior court being right is affirmed.

*Affirmed.*

WILSON, P. J., and RYNER, J., concur.