# Staunton

## CLYDE B. LANHAM v. MORRIS BOND.

September 17, 1931.

Present, Campbell, Holt, Epes, Hudgins and Browning, JJ.

The opinion states the case.

*Charles Henry Smith,* for the plaintiff in error.

*Frederick L. Flynn* and *William L. Carne,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

The case grew out of an automobile accident which happened in the city of Alexandria, Va., on the 6th day of July, 1929, about 12:30 P. M., at or near the intersection of Cameron and West streets. Morris Bond, the plaintiff in the court below, was approaching the intersection from the north on West street and Clyde B. Lanham, the defendant, was traveling westward on Cameron street. A collision occurred at the intersection of the two streets resulting in material injuries to Bond's car but none to Lanham's. No occupant was hurt. The two cars were being driven at the time of the accident by their respective owners, the parties hereto. The evidence was conflicting as to the cause of the collision and a more detailed statement of the facts is not necessary.

At the instance of Bond a civil warrant was issued from the Civil and Police Justice's Court of the city of Alexandria against Lanham for $1,000.00 damages to Bond's car. This court rendered judgment against Lanham for $500.00, from which judgment an appeal was allowed the defendant to the corporation court of said city. There the case was heard by the judge and a jury. The verdict of the jury was for the plaintiff, Bond, in the sum of $600.00. The

defendant moved the court to set aside the verdict as being contrary to the law and evidence and because the court had by its instructions misdirected the jury and that it had improperly allowed testimony to be considered by the jury that the defendant carried indemnity insurance on his car.

A writ of error was allowed and a supersedeas awarded by this court and at the threshold of the controversy we are met by a motion by the appellee, Bond, to dismiss the said writ of error and supersedeas because the same was improvidently awarded in that said action transcended and rendered of no effect the meaning and significance of section 6337 of the Code of Virginia, 1924.

The portion of this section relative to the question at issue is as follows:

"No petition shall be presented for an appeal from, or writ of error or supersedeas to, any final judgment * * * * * ;nor to any judgment of a circuit or corporation court, which is rendered on an appeal from a judgment of a justice, except in cases where it is otherwise expressly provided; * * * "

The position of the defendant in error is that the case having been originally tried in the said police and civil justice's court and a judgment had thereon and an appeal taken therefrom to the said corporation court and a trial and judgment therein had, the matter was finally disposed of and at an end, and that this court, under the terms of the statute quoted, could take no cognizance of it.

The determination of the contention involved in said matter necessitates some review of the history of the statutes which are applicable. The statutory provision above quoted from section 6337 of the Code is, so far as the question in judgment is concerned, the same as it was in the Code of 1860. It has passed through the intervening years in nearly its original language, the slight changes having no bearing here.

Until the act of March 20, 1914 (chapter 142), there was no such tribunal as a civil and police justice court and no such officer as a civil and police justice. There were justices of the peace, trial justices, and police justices but the act referred to created the precise office with which we are dealing. It follows, of course, that the provision quoted from section 6337, which had been the law for many years, could have no application, anterior to 1914, to a tribunal not then in being. Certainly the language of the statute referred to the judgment of such justice as was then in existence.

The enactment of 1914, with subsequent amendments, now embodied in Code, sections 3097 to 3111, inclusive, brought into our system of jurisprudence a new judicial officer and office. Such a court could only exist in cities of from 10,000 to 45,000 inhabitants, of which the city of Alexandria is one. The justice is required to have practiced law in this State for at least five years and during his term he can hold no other office of public trust. His compensation is in the form of a regular monthly salary. Subdivision (d) of the section is, in part, as follows:

"(d) The said civil and police justice, and the judge of the municipal court in any city which has such a judge under its charter, shall have concurrent jurisdiction with the circuit and city courts of general jurisdiction in actions at law, except for the recovery of a fine, where the amount in controversy does not exceed $1,000.00." Code, section 3102 (d).

In all of these particulars we, at once, see how dissimilar this office and officer are from any justice court or justice of the peace court theretofore existing. Such latter courts had at first only insignificant pecuniary jurisdiction, now increased to $300.00. The courts in question have concurrent jurisdiction with the circuit and city courts of general jurisdiction, in actions at law where the amount in contro-

versy is as much as $1,000.00. Indeed in the case in judgment the warrant was sued out claiming the limit of the jurisdictional amount as damages.

Section 3092 of the Code provides for the election of justices of the peace in cities and it reads in part as follows: " * * * *, except that nothing herein contained shall be construed as vesting in such justices any portion of the jurisdiction given by law to police justices or civil and police justices of the cities of this Commonwealth."

■ This language unquestionably distinguishes the two types of court. And this interpretation is manifestly the sound and reasonable one. When the amount in controversy is as much as that which gives this court jurisdiction and the court giving judgment has concurrent jurisdiction with the circuit and city courts of general jurisdiction, no convincing reason can be given for denying the unsuccessful litigant the right of appeal from such judgment.

The proposition posited by the defendant in error is without merit. The civil and police justice is not within the statutory intendment. The motion to dismiss the writ of error and supersedeas is denied.

■ Addressing ourselves now to the merits of the case, the plaintiff in error submits four grounds of alleged error in the rulings of the trial court. They are all comprehended in the same principle of law and therefore they will be considered together.

The contention is that the court committed prejudicial error in permitting counsel for the plaintiff, in his opening statement, to tell the jury, over the objection of the defendant, that he intended to prove that the defendant stated to the plaintiff, at the time of the accident, that he had insurance and that the insurance company would pay all damages, and, in the course of the trial, allowing evidence to go to the jury to prove that fact.

The plaintiff's counsel, in his opening statement, made

the above declaration to the court and the jury. Counsel for the defendant objected to the statement and moved the direction of a mistrial, which the court denied.

The plaintiff on direct examination testified that the defendant, at the time of the accident, said: "I am very glad nobody is hurt, it is my fault but I have insurance on my car and the insurance company will pay all damages."

The defendant on cross-examination was asked this question: "Did you not tell Mr. Bond immediately after the accident that it was your fault and that your car was covered with insurance and that the insurance company would pay all damages?"

The witness replied: "I did not admit that it was my fault, but I did say that there was no use having a police court case of it, and that if it was my fault I had an insurance policy and the insurance company would take care of it."

At each of the above junctures in the trial the defendant objected to the said questions and answers and moved that they be stricken out and renewed his motion for a mistrial, the court in each instance denying the motions.

The principle here involved was before this court in the case of *Rinehart & Dennis Co.* v. *Brown*, 137 Va. 670, 120 S. E. 269, 271, in which it was said: "It is too manifest to need argument, and indeed is conceded everywhere, that the fact that a defendant is insured against accident can throw no light on whether or not he has been negligent in a given case."

And again it is said in the same case by this court: "In the case in judgment, it will appear further on that we are of opinion that the evidence was not sufficient to warrant any verdict in favor of the plaintiff. But even in a case where the right of the plaintiff to recover is doubtful, the trial court should be alert to prevent any adventitious advantage that may turn the scales. The determination of the issue should not be prejudiced by improper evidence,

or by any improper procedure which may affect the result. The plaintiff here has been allowed to obtain the advantage of having the attention of the jury called to the insurance, a wholly collateral subject, which was likely to influence the mind of the average juror notwithstanding the instructions of the trial court. The reception of such evidence sometimes has a subtle influence that will act unconsciously upon the mind, and hence not be removed by instructions. The subject of the casualty insurance was brought to the attention of the jury not accidentally, nor incidentally, but deliberately. Not once, but several times. First in the opening statement of counsel. Next on the cross-examination of one of the defendant's witnesses, and was again about to be introduced in the argument of counsel before the jury, when counsel was stopped by the court at the instance of opposing counsel. The trial court instructed the jury to disregard the statements of counsel about the insurance and warned counsel against making a similar statement. No such warning was necessary. The court had clearly stated the law on the subject when the objection was first made, and this was all the warning needed. The continued and persistent effort to get before the jury the fact of insurance of the defendant in spite of the ruling of the court produced a condition which could not be reached by so mild an antidote as an instruction of the court, or at least there is a reasonable probability that the jury was influenced by it to the prejudice of defendant. Upon such a state of facts, many courts of other States have held, and we think properly, that a verdict for the plaintiff, if there is one, should be set aside and a new trial awarded the defendant. The cases are too numerous to do more than cite a few of them and give reference to sources from which others may be supplied. Among the authorities sustaining these views, see *Aiken* v. *Lee*, 206 N. Y. 20, 99 N. E. 85, Ann. Cas. 1914A, 947; *Edwards* v. *Earnest*, 206 Ala. 1, 89

So. 729, 22 A. L. R. 1387; 29 Cyc. 775-777; *Manigold* v. *Black River T. Co.*, 81 App. Div. 381, 80 N. Y. S. 861; *Hordern* v. *Salvation Army*, 124 App. Div. 674, 109 N. Y. S. 131; *Bishop* v. *Chicago R. R. Co.* (1919), 289 Ill. 63, 124 N. E. 312; *Coon* v. *Manley* (Tex. Civ. App.), 196 S. W. 606; *Lone Star Gas Co.* v. *Coates* (Tex. Civ. App.), 241 S. W. 1111; *Kinnaman* v. *Kinnaman*, 71 Ind. 417; *Mainard* v. *Reider*, 2 Ind. App. 115, 28 N. E. 196; *Stanley* v. *Whiteville L. Co.*, 184 N. C. 302, 114 S. E. 385. In *Winter* v. *Sass*, 19 Kan. 556, 566, Judge Brewer said: 'All that can be safely laid down is, that whenever in the exercise of a sound discretion it appears to the court that the jury may have been influenced as to their verdict by such extrinsic matters, however thoughtlessly or innocently uttered, or that the statements were made by counsel in a conscious and defiant disregard of his duty, then the verdict should be set aside.' "

In Cyclopedia of Automobile Law, volume 4, page 1521, Blashfield, the text is as follows: "The jury should not be informed of the fact that the defendant in an action for the negligent operation of an automobile is protected by indemnity insurance, as such action on the part of the plaintiff or his counsel will ordinarily constitute reversible error, notwithstanding the court may instruct the jury not to consider the same in arriving at a verdict, at least if such information is given to the jury by the deliberate and premeditated purpose and design of counsel."

The Supreme Court of Appeals of West Virginia, in the syllabus, by the court, in the case of *Atkins* v. *Bartlett*, 101 W. Va. 263, 132 S. E. page 885, said: "After admonition that matter of insurance should not be brought into case, plaintiff's volunteering information while testifying in his own behalf that defendant said he carried indemnity insurance, although stricken out by court, was reversible error." The objectionable testimony in that case was the defendant's response to a question asked him, a few days

after the accident, in the presence of the plaintiff's wife. The question was: "Was anybody else present?" answered, "nobody, and he (defendant) stated he was sorry the accident occurred; that it was his fault, and that he was insured and would take care of it." The plaintiff was testifying of the alleged conversation which he had with the defendant, and the court further said: "The impropriety of such evidence is unquestionable. The only purpose it could serve was to prejudice the jury in favor of the plaintiff and against the defendant." See also *Wilkins* v. *Schwartz*, 101 W. Va. 337, 132 S. E. page 887.

The defendant in error, in controverting the above doctrine, relies stoutly on the Georgia case of *Sims* v. *Martin*, 33 Ga. App. 486, 126 S. E. page 872, in which evidence similar to that being now considered was held legal and admissible. In that case the court said, in speaking of the rule in other courts of the country rejecting such testimony as inadmissible and prejudicial to the defendant: "It is hardly properly applied, where the defendant himself, as in the case under consideration, injects it into the case, and makes it a part of the *res gestae*, and invests it with a probative value beneficial to the plaintiff."

From the meager report we are unable to determine whether the testimony objected to got into the case by some action of the defendant or whether the mere statement of the defendant at the time of the collision that it was his fault, he was going too fast and that he had insurance and would be glad to make the right settlement, had the effect of injecting it into the case. If it was the former then the Georgia case is not the case in judgment at all. The Georgia court held that the defendant's statement was a part of the *res gestae*. In the case in judgment we cannot so hold. Any account of the transaction made at the time by the defendant is a part of the *res gestae*, but the statement that he had insurance is not an account of the transaction. The

alleged statement of the defendant that it was his fault was admissible as evidence and there was a proper and legal way to get it before the jury with the omission of the suggestion of the insurance. This, however, was not adopted. It was the declared intention of plaintiff's counsel to get it in not as part of the *res gestae*, but as substantive proof, and this was with the approval of the trial court.

Again the Georgia court attaches probative value to the statement appearing in the *Sims* v. *Martin Case, supra*, because, forsooth, the realization by an owner of an automobile that he has insurance against liability for damage caused by its operation might make him feel secure against responsibility for such damage, and cause him to operate his car negligently and regardless of consequences. In the light of experience and observation we may say that it is the responsible and prudent person who takes out insurance on his car. The irresponsible, negligent and reckless person may not. At any rate it seems to us that the reasoning involves a defect of character that human experience negatives. We adhere to the rule recognized and declared in the *Rinehart & Dennis Co.* v. *Brown Case, supra*, which is in accord with the great weight of authority. It follows that in our opinion the trial court committed error in the rulings complained of and relied upon by plaintiff in error, and that the judgment will therefore be reversed and the case remanded to be proceeded in not in conflict with the views herein expressed.

*Reversed and remanded.*