## Amanda Spies, Appellee, v. David E. Sussman, Appellant.

Opinion filed February 1, 1932.

WARNOCK, WILLIAMSON & BURROUGHS and MANN & COLEMAN, for appellant.

PHILIP G. LISTEMAN and HAROLD J. BANDY, for appellee; KEEFE & LISTEMAN, of counsel.

MR. JUSTICE FULTON delivered the opinion of the court.

This is an action on the case for personal injuries suffered in an automobile collision. There was a trial before the court and jury, which resulted in a verdict in favor of appellee for the sum of $1,950. Motions for a new trial and in arrest of judgment being made and overruled, judgment was entered on the verdict for $1,950, from which judgment appellant prosecutes this appeal.

Although the appellant assigns several reasons why the case should be reversed, two main questions are urged and argued in the briefs. It is first contended there was no proof of agency sufficient to justify a verdict.

Ellis Sussman, brother of the appellant, was driving the latter's car at the time of the accident, and plaintiff's principal proof of agency was the testimony of Clarence Spies, the husband of the appellee. He testified to a conversation with appellant at the hospital

shortly after the accident, and in referring to appellant said, "He said he was the owner of the car and he sent his brother in for some merchandise and he wanted to know who was injured so he could report." Again he answered, still referring to appellant, "He said he was the owner of the car and he sent his brother to St. Louis."

When appellant was on the stand he was asked about this conversation and answered that he could not remember. He did not positively deny making the statements above outlined.

Appellant seeks to discredit the above testimony of Clarence Spies, because it was shown that in two previous trials growing out of this accident he did not testify to such an admission by appellant. The criticism would have greater force if appellant had not almost wholly failed to deny making the statements testified to by Spies. The further argument that Ellis Sussman was not the agent of appellant, but was the agent of some corporation in which David Sussman was a stockholder is without weight in the light of the testimony in this case.

We believe the testimony developed sufficient facts to submit to the jury the question of whether or not the relationship of principal and agent existed, and it was for them to say what testimony they gave greatest credence.

The other important question in the case, assigned as error by appellant, was the denial of the motion to withdraw a juror and continue the case because on redirect examination of Clarence Spies the following occurred:

"Q. Mr. Spies, with reference to this conversation between you and Mr. David Sussman, you can tell the jury just what Mr. David Sussman said there.

"MR. MANN: That has been gone over; we object to the repetition.

"Q. What was the purpose of Mr. Sussman coming there?

"MR. MANN: I object to that. He couldn't know his purpose for coming there."

Objection overruled.

"A. He said he came there to make a report of the accident to the insurance company."

The court was then asked to instruct the jury to disregard the answer and motion made to withdraw a juror and continue the case.

"THE COURT: Motion denied. The jury will disregard the answer of the witness."

The appellant contends that in an action to recover for personal injuries, caused by the negligence of a defendant, it is reversible error for the plaintiff to inform the jury, either directly or indirectly, that the defendant is protected by casualty insurance against liability, and cites authorities to the effect that "any reference to the fact that a party sued is protected by an insurance policy from the payment of damages, is improper" and that so doing is reversible error. *McCarthy v. Spring Valley Coal Co.*, 232 Ill. 473, and other cases to a like effect.

In a case where there was a close question on the facts, or in a case where the verdict seemed excessive, testimony similar to that given in this case might be cause for reversal, but we are inclined to think that the cases of *Smallen v. Aronson*, 253 Ill. App. 540, and *Eldorado Coal & Coke Co. v. Swan*, 227 Ill. 586, are more like the instant case than any other brought to our attention. In the *Smallen* case it seems to us the opportunities for the jury to infer that the defendant was protected by insurance were greater than in this case, and in the case of *Eldorado Coal & Coke Co. v. Swan*, the court said:

"Appellant asks that the judgment be reversed because appellee's counsel, after adverse rulings of the

court, asked questions which implied that the appellant was insured in a casualty company, and that the judgment, if one should be rendered, would be paid by such company. Error is usually assignable only on the rulings of the court. The court promptly ruled against appellee's right to inquire into the irrelevant matter suggested by the questions, but the questions were repeated to other witnesses. The conduct of counsel in thus seeking to place before the jury matters not involved in the issue is censurable in the highest degree, and if the amount of the verdict were such as to raise a suspicion in our minds that the jury had been influenced by this misconduct, or if the case were a close one on the facts, we would not hesitate to reverse the judgment for this reason alone. But since the verdict was rather below the usual amount awarded where the injury has been sustained such as the evidence shows here, and the case is reasonably clear on the facts, there is no reason to suspect that the jury were actuated by prejudice or passion."

We believe the above analysis fits the facts in the present case. The verdict was not large or excessive; the case was reasonably clear on the facts, and the judgment of the circuit court was proper and is affirmed.

*Affirmed.*