# Richmond

## Shulman Company, Inc. v. E. L. Sawyer.

January 14, 1937.

Present, All the Justices.

The opinion states the case.

*James G. Martin & Son* and *Savory E. Amato,* for the plaintiff in error.

*O. L. Shackleford,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

Plaintiff in error brought an action at law by notice of motion against the defendant for the sum of $30, returnable before the civil justice of the city of Norfolk. There was a judgment for the plaintiff and the defendant appealed to the law and chancery court.

When the case was called for trial, the defendant appeared specially and filed a plea in abatement and motion to dismiss the action, on the ground that the court was without jurisdiction, for the reason that under chapter 57 of the Acts of the General Assembly of Virginia, 1934, providing for commencing civil actions to be tried by civil justices by notice of

motion, there is expressly excluded from the operation of the act cities having a population of not less than 125,000, nor more than 150,000, according to the United States census of 1930, into which excepted classification falls the city of Norfolk, and that there is no other statute in Virginia providing for a proceeding by notice of motion before the Civil Justice Court of the city of Norfolk, and that the only proper and legal method for instituting a proceeding before a civil justice of the city of Norfolk, for the purpose of securing judgment in a civil case, is by warrant issued by a justice of the peace of said city, as is provided by the laws of the State of Virginia.

The court sustained the plea in abatement and dismissed the action.

The error assigned is: "That the Court of Law and Chancery erred in refusing to strike out the plea in abatement and motion to dismiss, and erred in dismissing the case, refusing to hear the case, and holding that notice of motion would not lie before the Civil Justice of the City of Norfolk, and would not be heard upon an appeal therefrom to that court."

While the amount involved in this case, only $30, is below the jurisdictional amount, the questions raised are important and challenge the constitutionality of two acts of the General Assembly, to-wit, an act approved on March 2, 1934 (chapter 57), and an act approved March 15, 1924 (chapter 270). The pertinent provision of the act of 1934 reads:

" * * * That any person entitled to maintain an action at law or civil warrant before a civil and police justice or civil justice of a city or trial justice of a county may, in lieu of such action at law or civil warrant, proceed by motion before said civil and police justice, civil justice or trial justice, after not less than five days' notice, which notice shall be in writing, signed by the plaintiff or his attorney, and shall be returned to the justice before whom it is to be tried before the return day of same and when so returned shall be forthwith docketed. This act shall not apply to cities having a population of not less than one hundred and twenty-five thousand nor more than one hundred and fifty thousand according to the United States census of nineteen hundred and thirty."

The act of 1924 reads as follows:

"An ACT to provide for the trial of civil cases by a civil and police justice on motion.

"Approved March 15, 1924.

"Be it enacted by the general assembly of Virginia, That any person entitled to maintain an action at law or civil warrant before a civil and police justice or civil justice of a city or trial justice of a county adjoining a city having a population of not less than one hundred and seventy thousand, according to the last preceding United States census, may, in lieu of such action at law or civil warrant, proceed by motion before said civil and police justice after not less than five days' notice, which notice shall be in writing, signed by the plaintiff or his attorney, and shall be returned to the said civil and police justice before the return day of same and when so returned shall be forthwith docketed.

"The said notice shall contain a brief informal statement of the plaintiff's claim.

"All motions under this section shall be served in the same manner that civil warrants are served; provided, that those returnable before civil justices and served in cities of such justices shall be served only by the high constable or sergeant of said cities and shall be tried in the same manner that civil warrants are now tried before said civil and police justice."

In the petition for a writ of error counsel for plaintiff in error defines his position as follows:

"The position that plaintiff takes is that a case may be brought by notice of motion before the Civil Justice of the City of Norfolk, and therefore the lower court erred, because:

"1. The act of 1934 expressly allows notice of motion before Civil Justices, etc., statewide, with an exception as to the City of Norfolk only, which *exception* is unconstitutional and void and so this act is statewide, including Norfolk City.

"2. That if the act of 1934 is void *in toto*, then the act of 1924 is entirely valid, and expressly permits proceedings by notice of motion before Civil Justices, etc., statewide, with no exception of the City of Norfolk, or otherwise."

In holding that both acts were unconstitutional, the learned trial court said:

"Upon mature consideration whereof, the court being of the opinion that the act of the General Assembly of Virginia of 1934, known as chapter 57 of the acts of Assembly of 1934, is wholly unconstitutional and void as being in contravention of section 51 and subsection 3 of section 63 of the Constitution of Virginia, and section 64 of that Constitution; and that, even if it were not void for said reasons the exception from its operation of cities having a population of not less than 125,000 nor more than 150,000 is void, but that the effect of this void exception would not justify the court in interpreting the remaining portion of said act as including cities having a population of not less than 125,000 nor more than 150,000, doth so decide. And the Court being further of opinion that the act of the General Assembly of 1924, known as chapter 270 of the acts of the General Assembly of 1924, does not authorize notices of motion for judgment before the Civil Justice of the City of Norfolk, and that even if the body of said act should be construed to permit a notice of motion for judgment before the Civil Justice of the City of Norfolk, then it is in contravention of section 52 of the Constitution, in that the body of the act, as so construed, would be broader than its title, and that the title of the same sets the bounds of said act, and thereby eliminates from its operation notices of motion for judgment before the Civil Justice of the City of Norfolk, doth so decide."

In our opinion, it is unnecessary to a decision of the case to consider the constitutional question relative to the enactment of the act of 1934. With that phase of the case eliminated, the sole legal issue is whether the exception in the act of 1934 as to the city of Norfolk falls, or whether the whole act falls. Counsel for plaintiff concedes that the exception falls, but maintains that "the balance of the act remains perfect and statewide."

We are unable to concur in that contention, although we are admonished that dire results may follow an affirmance of the case.

The answer to the admonition is found in *Martin's Ex'rs* v. *Commonwealth*, 126 Va. 603, 102 S. E. 77, 78, 724, wherein this is said by Judge Kelly:

"Independent of these suggested considerations peculiar to this case, it is well known that the courts approach constitutional questions with great caution, and regard the interpretation and application of constitutional provisions as among the most important as well as delicate and difficult duties which they have to perform. They must endeavor to hold up the hands of the law-making body, but to do so effectively and in such way as to command public respect and confidence, they must not, for mere reasons of convenience or expediency, hesitate to condemn an act which plainly violates the fundamental law."

Even a casual reading of the act of 1934 demonstrates that it was the intention of the Legislature to except from its provisions "cities having a population of not less than one hundred and twenty-five thousand." That this exception applies to the city of Norfolk is admitted. Therefore, only one conclusion can be drawn as to the intention of the Legislature, and that is, the city of Norfolk is to excepted from the provisions of the act.

That it is the province of the Legislature to enact laws and the duty of the courts merely to construe them, admits of no argument. However expedient it may be to include the city of Norfolk in the statewide scope of the act, that is a matter of purely legislative concern. That the civil justice of the city of Norfolk has been denied the power to function in a proceeding instituted by notice of motion is evidenced by the express exclusion contained in the acts of 1924, Acts 1928 (chapter 394, amending Code, section 6020) and Acts 1934. How, then, can this court arrogate to itself the power—expressly conferred upon the Legislature—to enact laws? No authority has been found which holds that where a legislative act expressly excludes any part of the State from its operation, a court can declare such exclusion void, and then, in turn, include such excluded territory. On the other

hand, we are furnished numerous authorities dealing conversely with the question.

In *Wilkinson* v. *Stiles*, 200 Ala. 279, 76 So. 45, 46, it appears that the Legislature enacted a law abandoning the commission form of government in certain cities but provided that the act should not apply to cities containing a population of 35,000 or over. In holding the act void, the court said:

"It is insisted, however, by the appellant that the proviso, or exception part of the act, is invalid and should be stricken so as to make the act apply to all cities in the State. Of course, if the act is constitutional in its entirety, the petitioner had no standing, as the same does not apply to Birmingham, or if it is invalid *in toto* he has no right to the relief sought, as it is the only law which warrants a change by the city from the commission form of government. Therefore the only theory upon which the petitioner can be entitled to relief would be for this court to strike down the exception and uphold the act. In other words, apply the act to every city in the State notwithstanding the Legislature has in plain and unambiguous words said that the same shall not apply to cities having a population of 35,000 or more."

In *State ex rel. McDaniel* v. *Schramm*, 272 Mo. 541, 199 S. W. 194, an act was passed by the Legislature providing for the election of a county assessor, in the several counties of the State, which act provided that the same should not apply to the city of St. Louis. The court held, as indicated by the syllabus, as follows:

" * * * if the proviso is invalid, its invalidity does not have the effect of making the body of the section operative in the city of St. Louis, as the rule that an invalid portion of a statute may be severed and the remainder upheld applies only when the remainder constitutes a complete act of legislation in itself in accordance with the intention of the law-making body, and the proviso, though invalid, indicates the legislative intent not to legislate with respect to the city of St. Louis, and hence the election and term of office of assessor in the city of St. Louis is governed by the charter of that city and not by such section."

■ In *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, 22 S. Ct. 431, 441, 46 L. Ed. 679, it is said:

"If different sections of a statute are independent of each other, that which is unconstitutional may be disregarded, and valid sections may stand and be enforced. But if an obnoxious section is of such import that the other sections without it would cause results not contemplated or desired by the Legislature, then the entire statute must be held inoperative." Seé also, 6 R. C. L., page 129; 59 C. J., page 646; *State* v. *Chicago, B. & Q. R. Co.*, 195 Mo. 228, 93 S. W. 784, 113 Am. St. Rep. 661, 677; *Spraigue* v. *Thompson*, 118 U. S. 90, 6 S. Ct. 988, 30 L. Ed. 115.

Counsel for plaintiff in error, however, relies upon our decision in *Martin's Ex'rs* v. *Commonwealth*, 126 Va. 603, 102 S. E. 77, 724, to support the view that the act of 1934 may be declared void as to the excepted territory and valid in all other respects. In that case the original opinion, delivered by Judge Kelly, dealt primarily and specifically with the contention of appellant that the act known as the "West fee bill" was in violation of clause 14 of section 63 of the Constitution, forbidding the passage of any special act increasing or decreasing salaries of public officers during their term of office. As said in the opinion, "the sole question for decision, therefore, is whether the statute under review was special or general * * * ." In reaching the conclusion that the act was general and not special, the decision deals with the application of "the test of flexibility," which courts sometimes apply when the desire is urgent "to promote efficiency and economy in the administration of the affairs of the state."

It is true that in the opinion denying a rehearing, Judge Kelly made this statement:

"If it be conceded that the act violates article 4, section 64, in the particulars referred to (namely, the suspension of the operation of the act until a future date, so far as the officeholders of the city of Richmond were concerned), the only effect of such violation would be to render the suspension inoperative, and the act in all other respects would remain in full force and effect. The provision containing the suspension

would simply be treated as a nullity." (Matter included in parentheses supplied).

However, that language bears no relation whatever to the question involved in the present case. The distinction between the cases needs no exposition further than to say that in the first case the court was dealing with "the suspension of the operation of the act until a future date," while in the present case we are dealing with an obnoxious section of an act, which, if eliminated, makes the whole act effective. To do this we must enter the realm of legislation and usurp the power of the law-making body. (No court, in our opinion, should ever do this.)

Let us now turn to the second branch of the case which calls for a construction of the act of 1924, *supra.*

In its efforts to promote efficiency, economy and a speedy determination of litigation, the Legislature has supplemented the original justice of the peace system by adding thereto: (1) civil and police justices; (2) civil justices; and (3) trial justices. These courts are strictly legislative creations and they depend upon the legislative will for their powers, jurisdiction and method of procedure.

In *Lanham* v. *Bond*, 157 Va. 167, 160 S. E. 89, Mr. Justice Browning clearly defines the characteristics of a civil and police justice.

Section 52 of the Constitution of Virginia reads thus: "No law shall embrace more than one object which shall be expressed in its title; nor shall any law be revived or amended with reference to its title; but the act revived or the section amended shall be re-enacted and published at length."

The title to the act of 1924, *supra,* clearly demonstrates that but one object is expressed in the title, to-wit, "to provide for the trial of civil cases by a civil and police justice on motion." Then, again, there is a total lack of authority in the body of the act to proceed by notice of motion before a civil justice.

Counsel for plaintiff in error, however, contends that the last paragraph of the act denotes an intention to permit notices of motion before a civil justice. It is true that this para-

graph refers to the manner of service and the mode of return of the notice of motion, but it would be a strained construction to hold that the body, and not the title, is the controlling factor of the act as provided by secion 52 of the Constitution.

Counsel for plaintiff, in aid of his contention also invokes section 3113 and section 3114 of the Code.

■■ Those sections are not in point, for the reason that section 3113 itself draws the distinction between a civil and police justice, and civil justice, while section 3114, which denotes the jurisdiction of civil justices, is silent as to the mode of procedure before them. If any doubt could be entertained in regard to the scope of the act of 1924, we think such doubt is dispelled by the action of the Legislature when in the title of the purported act of 1934 it used this language:

"An act to provide for commencing said actions to be tried by *civil and police justices, civil justices* and *trial justices* by notice of motion, and to repeal an act entitled an act to provide for the trial of civil cases by a *civil and police justice* on motion, approved March 15, 1924." Acts 1934, chapter 57.

We find no error in the judgment of the trial court and it is therefore affirmed.

*Affirmed.*

HUDGINS and EGGLESTON, JJ., dissenting.

SPRATLEY, J., concurring.

I find myself in accord with the reasoning and conclusion of the majority as applied to the bringing of a civil action by notice of motion before the civil justice of Norfolk. I am further fortified in such conclusion in view of the history of the legislation on the subject before us, and in view of Code, section 6020, as amended and re-enacted in 1928 (chapter 394) and 1932 (chapter 146), wherein there is excluded the procedure by notice of motion before a civil justice in cities containing 30,000 inhabitants or more. The city of Norfolk comes within this classification.

Section 6020, found in the chapter of the Code dealing with

justices and warrants for small claims, is the next preceding act in point of time to the act of 1934 (chapter 57), and it seems clearly to express the legislative intent on this subject.

EGGLESTON, J., dissenting.

As introduced in the General Assembly the 1934 act (chapter 57) was state-wide in its scope. For reasons with which we are not concerned there was engrafted upon it a provision that it was not to apply to the city of Norfolk.

I agree with the conclusion of the majority opinion that such exclusion of the city of Norfolk from the act violated section 63 (3) of the Constitution of Virginia, in that it attempted to enact a local or special law regulating the practice in that jurisdiction.

The exception of the city of Norfolk from the act also conflicted with section 64 of the Constitution, in that it was a special or local law which the General Assembly attempted to enact as a general law.

But in my opinion the exclusion of the city of Norfolk from the provisions of the act does not invalidate the whole statute.

In the first place the attempted exclusion is not inseparably interwoven in the act. It is merely an attempt to engraft upon a statute which is state-wide in its operation, an unconstitutional and void provision that it shall not operate in one particular locality. Striking out the void provision in no manner impairs the remainder of the act.

The majority opinion lays great emphasis upon the fact that the Legislature has, in no uncertain terms, expressed its intent that, whatever may be the practice in every other jurisdiction in the State, a suit may not be instituted before the civil justice of the city of Norfolk by a notice of motion for judgment. But this is precisely what section 63 (3) of the Constitution says may not be done. And the Constitution is binding on the Legislature however emphatic that body may be in the expression of a contrary intent. Furthermore,

I am confident that the General Assembly would never have permitted the exclusion of the city of Norfolk from this act if it had thought that doing so would defeat the whole act itself.

The cases cited in the majority opinion from other jurisdictions shed little or no light on the present inquiry in the absence of a disclosure as to whether of not the Constitutions of these States contain provisions similar to those in our Constitution.

But it is said that Code, section 6020, as amended by the Acts of 1928, page 1013, chapter 394, and Acts 1932, page 166, chapter 146, is a general law which prohibits the commencement of actions by notices of motion for judgment before civil justices in cities having more than 30,000 inhabitants, and that this applies to the city of Norfolk.

Without stopping to consider whether or not this exclusion of certain cities from the provisions of Code, section 6020, as amended, is unconstitutional, a complete answer to this argument is that the act of 1934, after the elimination of the clause exempting the city of Norfolk from its provisions, authorizes the commencement of actions in such manner before all civil justices throughout the State. Therefore, the act of 1934 necessarily repeals by implication such portions of Code, section 6020, as amended, which conflict therewith.

My conclusion is that only that portion of the act of 1934 which excludes the city of Norfolk is unconstitutional, and that the remainder of the act is valid and is effective to give the civil justice of the city of Norfolk jurisdiction in this proceeding.

I am authorized to state that Mr. Justice Hudgins concurs in this dissent.