Monte L. Goad, Appellant, v. Audrey Wilson Grissom, Appellee.

Gen. No. 9,431.

124

Opinion

filed October 26, 1944.  Released for publication November 21, 1944.

Mann & Stifler, of Danville, for appellant.

H. Ogden Brainard, of Charleston and Cotton & Massey, of Paris, for appellee.

Mr. Justice Riess delivered the opinion of the court.

Defendant appellant, Monte L. Goad, has appealed to this court from a judgment entered against him on October 22, 1943 in the sum of $6,000 by the circuit court of Edgar county in favor of plaintiff appellee, Audrey Wilson Grissom, for damages alleged to have been sustained in an automobile collision which occurred at the intersection of State Highway Routes No. 49 and No. 133 in Edgar county, Illinois, on December 15, 1941. At the time of the alleged injuries the plaintiff was riding as a guest passenger with one Mrs. Thelma Phipps in the latter's Ford coupe in a northerly direction in the right-hand traffic lane of State Route 49 approaching the right angled intersection of State Route 133. Both routes were paved with concrete 20 feet in width with dark center lines, having widened curves at each of the four corners of the highway intersection. Both occupants of the Ford coupe were public school teachers on the way to their respective schools, between the hours of eight and eight-thirty a. m. A small girl accompanied them in the car. A "slow" sign was located on the east side of Route 49 about 300 feet south of its intersection

with Route 133. The defendant, Goad, a traveling salesman, was driving east in his Studebaker car along Route 133, on the right hand side of which a ''stop'' sign was located near its intersection with Route 49. The two cars collided while crossing the intersection, resulting in alleged injuries and damages sustained by the plaintiff for which recovery was had after trial by jury. Motions for new trial and in arrest of judgment were heard and denied by the court and judgment was entered upon the verdict against the defendant, from which judgment this appeal was taken.

Numerous errors were assigned, some of which were argued in the respective briefs and will be considered herein. A careful examination of the evidence discloses that it was conflicting as to observing the stop or slow signs, the speed of the respective cars, the exact point and location of the impacts and of the respective cars following the injuries which we need not set forth in detail herein. Clearly, the verdict was not contrary to the manifest weight of the evidence and the trial judge did not err in overruling the motion for a directed verdict at the close of plaintiff's testimony for want of proof making a prima facie case nor on grounds based upon the weight of the evidence set forth in the motion for a new trial.

The principal contentions of the appellant were (a) that an improper instruction was given by the court on behalf of the plaintiff which did not set forth that the damages must be proven by a preponderance of the evidence; (b) that plaintiff's counsel had used language in his closing argument which was improper and prejudicial to the defendant and objection thereto was improperly overruled by the court; (c) that an excerpt from a certain newspaper article which was not in evidence was read to the jury over the objection of defendant's counsel, which was overruled by the

court and (d) that the amount of the verdict and judgment was excessive.

As frequently happens in this type of case, the occupants of each car and their respective witnesses testified that they were in the exercise of due care and that the cars in which they were riding were driven at a slow speed while the car of the opposite party was driven at a higher rate of speed; each claiming to have observed the "slow" or "stop" signs and each giving varying estimates of speed and contending that the negligence of the other party had proximately caused the collision.

The plaintiff further contended that the car in which she was riding had come from the right on the slab which had the right of way and was a through route marked by a "slow" and not a "stop" sign and that the car had slowed down to a speed of about 25 miles per hour; that the defendant's car did not "stop" but drove over the crossing and into the Ford coupe at a speed of about 45 miles per hour; the above speeds of the respective cars being approximately the reverse according to defendant's testimony.

As to the amount of the verdict, if the plaintiff was entitled to recover at all, the proof would justify a substantial verdict. The treating physician, after detailing the various injuries of the plaintiff, including those to her face, jaw, back, knee and feet and to her pain and suffering and the alleged result and effect upon her subsequent female functions, fully described certain alleged injuries to her left knee and gave his opinion that the knee had sustained permanent injury and impairment in its use to the extent of 25 per cent. We do not deem the expression of the latter opinion by the treating physician, allegedly based upon reasonable medical certainty, to have been error or prejudicial to the defendant. Since the case must be retried on account of prejudicial and reversible error otherwise appearing in the record, we will not com-

ment further as to the amount of the verdict which also included evidence of $900 in actual medical and hospital expenses and loss of wages during absence from plaintiff's duties and employment as a public school teacher.

Concerning the alleged erroneous instruction, which is complained of as being defective in only requiring that damages must be proven by the evidence, without stating therein that the same must be so proven by a preponderance of the evidence, we hold that the same was erroneous, and it should have required proof of such damages to be shown by the greater weight or preponderance of the evidence. The instruction, read in a series with other given instructions, properly set forth the above requirement. If the same were the only error appearing in the record, we might not reverse the case under the facts in evidence. However, when considered in connection with other errors which we deem to be prejudicial, we do not approve the form of this instruction and if offered or given upon retrial, it should contain the element requiring the alleged damages to be proven by a preponderance of the evidence.

Defendant further contends that under the conflicting state of the evidence, the giving of this erroneous instruction, coupled with other errors complained of, rendered the same prejudicial to the defendant, and that the jury should have been accurately instructed as to the law.

The plaintiff's counsel, in his closing argument to the jury, used the following language: ''If I was a woman and I had $10,000.00 and I had the choice of keeping the $10,000.00 and being afflicted with that condition as that young woman, upon the threshold of life, engaged in a noble profession, I would give away the $10,000.00 and be a healthy normal woman and I say to you as accurately as my mind will admit, I wouldn't have any hesitancy in giving up the

$10,000.00.'' This language, in our opinion, was both improper and prejudicial. This is especially true because the objection to the use of this language was overruled by the court and the same was held to be proper. Furthermore, counsel should not express and urge his personal choice as to what he would do or ''his mind will admit'' upon the jury. In the case of *Bale v. Chicago Junction R. Co.*, 259 Ill. 476, 480, 102 N. E. 808 quite similar language, coupled with other objectionable phrases, was used by counsel in a closing argument wherein damages were sought to be recovered and the same was held by our Supreme Court to be both improper and prejudicial; even though in that case, the court had sustained objection to the use of the improper language and directed the jury to disregard it. (See also *Bishop v. Chicago Junction R. Co.*, 289 Ill. 63, 124 N. E. 312 and citations therein.) In the instant case, the adverse ruling of the trial court tended only to increase its effect upon the jury. While it is well understood that in the trial of closely contested cases, the zeal of counsel sometimes leads them to the use of perfervid language, it becomes necessary at times for the trial court, with or without objection by counsel, and upon occasions, for courts of review, to prevent injustice being done to either party by unjust and unfair arguments tending to unduly arouse the emotions and prejudices of the jury. (*Bishop v. Chicago Junction R. Co., supra.*) We deem the circumstances in this case to be such that we cannot overlook the impropriety and probable effect of the argument upon the jury under .the record that comes to this court.

We further have the rather unusual situation of counsel appealing to the emotions of the jury in a manner that the admitted evidence would not justify by reading to the jury the following excerpts from an article in a newspaper which counsel had picked up during the noon luncheon hour, which was neither

offered nor admitted in evidence and was not competent under any circumstances: "A woman's body has not the hardness or resilience of a man's body. A woman possesses certain delicate organs that are involved in the very fibre of her life's happiness; the elements that make her an attractive girl, a beloved wife, a happy mother. Without these things, she fails to reach the real object of her being alive at all." Certainly, the objection to this irregular sort of procedure and argument should have been sustained by the court. The reading of the article was followed by counsel's comment that "I thought it so appropriate to introduce to you the feeling that we of the plaintiff's side have in reference to the injuries this young lady received." Their feelings were not an element of damages in the case. Where printed articles in newspapers are not admissible in evidence, this court has held they should not be read to the jury and their designation as arguments do not render such use permissible. *Chicago & A. R. Co. v. Bragonier,* 13 Ill. App. 467. Herein, concerning the above newspaper article, the trial court aptly commented that "If improper as an item of evidence, it was improper to read it to the jury for any purpose." In this conclusion we concur but we do not concur in the erroneous failure of the court to sustain the objection thereto and to instruct the jury to disregard any portion of the article in question. Here, too, counsel expressed what the plaintiff's side feels about the case. It is proper to argue what they contend the testimony to prove in support of their respective arguments and contentions and to aptly illustrate the same, but it is improper to urge their personal opinions or feelings on the jury, or to read from newspapers inflammatory articles which are given the added weight of quotation in appealing directly to the emotions and feelings of the jury in the case. Although an objection was interposed and overruled, it was the duty of the court in

any event to interpose of its own volition under the above state of facts and prevent the reading of the improper article to the jury. *Chicago & A. R. Co. v. Bragonier, supra.*

In view of the errors complained of which we deem to have been prejudicial to the defendant under the facts and circumstances in evidence and to have resulted in an unfair trial of this case by the court below, we feel impelled to reverse the cause and remand it for a new trial, which should be kept free of the substantial errors complained of. The cause is therefore reversed and remanded with directions to the trial court to set aside the judgment and verdict of the jury and grant a new trial in the above entitled cause.

*Reversed and remanded with directions.*